UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMPA GONPO, on behalf of himself and others similarly situated  Plaintiff,  v.  SONAM'S STONEWALLS & ART LLC, et al.,  Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 16-40138-MGM |

MEMORANDUM AND ORDER REGARDING THE REPORT AND
RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS, PLAINTIFF'S
MOTION FOR CONDITIONAL CERTIFICATION, AND PLAINTIFFS' MOTION FOR
EQUITABLE TOLLING
(Dkt. Nos. 22, 34, 45, 47, 49, 62, & 78)

April 9, 2018

MASTROIANNI, U.S.D.J.

## I.      INTRODUCTION

Plaintiff, Jampa Gonpo, filed a six-count wage and hour complaint against his former

employer, Sonam's Stonewalls & Art, LLC ("Stonewall"), and Sonam Rinchem Lama ("Lama"),

Stonewall's owner-operator (collectively, "Defendants"), in September of 2016. His claims sound

under the Fair Labor Standards Act ("FLSA"), the Internal Revenue Code, and state statutory and

common law, all stemming from alleged failure to pay mandatory minimum and overtime wages and

failure to maintain proper bookkeeping and reporting practices relating to payroll. (Dkt. No. 1).

After Defendants answered, Plaintiff Gonpo filed a "Motion for Conditional Certification and for

Court Facilitation of Notice" under section 216(b) of the FLSA in March of 2017. (Dkt. Nos. 14,

22). In support of that motion, Jamyang Gyatso Phulotsang, Tulku Dechen, and NFN Tobden each

submitted affidavits asserting they worked for Defendants and detailing facts in support of their

claims and intention to join a collective action. (Dkt. Nos. 22-2 - 22-5, 24-27). After the court referred that motion to Magistrate Judge Robertson, (Dkt. No. 30), Defendants moved to dismiss the complaint for lack of jurisdiction under 12(b)(1), (Dkt. No. 34), which the court referred to Judge Robertson as well, ( Dkt. No. 36). Plaintiff then filed an amended complaint (without seeking or receiving leave), adding Tobden, Phulotsang, and Dechen as named plaintiffs and adding state and federal claims on their behalf. (Dkt. No. 38). In short order, Defendants then filed three separate motions seeking dismissal of the amended complaint: a second 12(b)(1) motion, (Dkt. No. 45), a 12(b)(6) motion asserting failure to state a claim, (Dkt. No 47), and a separate "Motion to Dismiss re: Improper Addition of Claims and Parties," (Dkt. No. 49). Each latter motion was directed at the amended complaint. The undersigned referred those motions to Judge Robertson for consideration alongside the previously referred motions. (Dkt. No. 51). Three weeks later still, Plaintiffs filed a "Motion for Equitable Tolling" that sought an order "tolling the statute of limitations" to three years within filing of the initial complaint and, more generally, "to include the time [that] . . . Plaintiffs Gyatso, Tulku [Dechen] and Tobden" each worked for the Defendant. (Dkt. Nos 62-63).

Before the court now is Judge Robertson's Report and Recommendation ("R&R"), which addresses all of the above motions[1] and the parties' objections thereto. (Dkt. No. 78, 83-85). In her R&R, Judge Robertson recommends this court:

(1)  deny both 12(b)(1) motions,

(2)  deny the "Motion to Dismiss re: Improper Addition of Claims and Parties,"

---

[1] The latter filed motion was never explicitly referred to Judge Robertson, but she prudently addressed it in her R&R in absence of an express referral.

   (3)  treat the filing of the amended complaint as a request for leave while treating the 12(b)(6) motion directed threat as a challenge based on futility arguments and hold, in this context:

      a.  that Phulotsang, Tobden, and Dechen's FLSA claims are not equitably tolled, are time-barred, and on that basis deny leave to add those claims without prejudice to their ability to seek further leave,

      b.  that supplemental jurisdiction does not exist for Phulotsang, Tobden, and Dechen's pendent state law claims (or, in the alternative, decline to exercise jurisdiction as a matter of statutory discretion),

      c.  that Plaintiffs be denied leave, without prejudice, to file claims under 26 U.S.C. § 7434 of the Internal Revenue Code,

      d.  that Gonpo be denied leave to file a negligent misrepresentation claim on futility grounds, and

      e.  that Gonpo otherwise be granted leave to file the amended complaint,

   (4)  deny Gonpo's motion for conditional certification, and

   (5)  deny Gonpo's Motion for Equitable Tolling with respect to potential opt-in plaintiffs as premature.

Both Plaintiff and Defendants objected in part and filed replies to the other's objections. (Dkt. Nos. 83-85, 88-89). Plaintiff objects to the extent the R&R recommends denying his motion for conditional certification. (Dkt. No. 84). Defendants object that the R&R errs in recommending (i) that their motions to dismiss for lack of jurisdiction be denied, (ii) Plaintiff's Motion for Equitable Tolling be denied without rather than with prejudice, (iii) that leave to file 26 U.S.C. § 7434 claims be denied without rather than with prejudice, and (iv) that the court hold Plaintiff Gonpo factually

stated a claim of willful violations of the FLSA. (Dkt. No. 82). Defendants also contend that the

Magistrate Judge erred in deeming the motion for equitable tolling "premature." For the reasons

below, each of Defendants objections are OVERRULED and the Plaintiff's objections are

SUSTAINED IN PART with respect to his motion to certify. The court therefore ADOPTS the

R&R except to the extent it recommends denying Plaintiff's Motion for Certification as more fully

explained below.

## II.    DISCUSSION

### A.    <u>Standard of Review</u>

A District Court may refer dispositive and non-dispositive motions to a magistrate judge for

an R&R. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b). Any party adversely affected by the

recommendations issued may file written objections within fourteen days of being served with the

R&R. *See* 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo*

determination of the portions of the report, specified proposed findings, or recommendations, to

which a specific objection is made. *Id.; see also M. v. Falmouth School Dept.*, 847 F.3d 19, 25 (1st Cir.

2017). Arguments or available evidence not raised before the Magistrate Judge are deemed waived.

*See Guzmán-Ruíz v. Hernández-Colón*, 406 F.3d 31, 36 (1st Cir. 2005). "Absent objection . . . [a] district

court has a right to assume that [the affected party] agree[s] to the magistrate's recommendation."

*Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985). In conducting its review, the court is

free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1).

### B.    <u>Law and Analysis</u>

The court has considered the entirety of the R&R *de novo* and agrees with the portions of

Judge Robertson's analysis to which none of the parties have objected. Rather than repeat that

reasoning here, the court addresses only those recommendations to which the parties have objected. Suffice it to emphasize, at this point, that no party has objected to the R&R's construal of the amended complaint as an implicit request for leave or challenged the treatment of the 12(b)(6) motion as an opposition to that request on the grounds that the leave sought involved futile claims. Neither party challenges, moreover, the R&R's conclusions and recommendations concerning (i) Plaintiffs' failure to state a claim under 28 U.S.C. § 7434,[2] (ii) Gonpo's failure to state a claim for negligent misrepresentation, (iii) denial of leave to amend with FLSA claims on behalf of Phlotsang, Tobden, and Dechen because those claims are time-barred, (iv) the absence of supplemental jurisdiction over state law claims asserted on behalf Phlotsang, Tobden, and Dechen. Having reviewed all recommendations receiving no objections, and finding those recommendations sound, the court hereby ADOPTS them.

The parties' particular objections are addressed below.

### 1.   Plaintiff's Objections – Motion to Conditionally Certify FLSA Class

Plaintiff objects only to the recommendation to deny his motion to conditionally certify his collective class FLSA suit. Although such non-dispositive motions are reviewed in other postures for clear error, *see, e.g.*, *Rutledge v. Claypool Elec., Inc.*, No. 2:12-CV-0159, 2013 WL 435058, at *2 (S.D. Ohio Feb. 5, 2013) (reviewing an *order* on a motion for FLSA certification for clear error), the instant motion is reviewed *de novo* here because Judge Robertson only issued a R&R as to its disposition. *See* 28 U.S.C. § 636 (a)(b)(1).

Plaintiff filed a "Motion to Certify Class Conditional FLSA Collective" under 29 U.S.C. § 216(b). (Dkt. No 22). The motion sought an order (i) conditionally certifying a collective FLSA class,

---

[2] As explained below, however, Defendants object that this claim should be dismissed with—rather than without—prejudice.

(ii) directing Defendants to produce a Microsoft Excel file containing contact information and dates

of employment for potential class members, (iii) authorizing that notice be sent to members of the

class, (iv) authorizing equitable tolling of the statute of limitations pending expiration of the opt-in

period, and (v) directing Defendants to post a proposed notice in a conspicuous place at locations

where class members worked or are now working. (*See* Dkt. No. 78 at 52-53).

As courts have unanimously interpreted it, section 216(b) allows plaintiff-employees to

enforce FLSA overtime and minimum provisions in "collective actions" on behalf of themselves

and those "similarly situated." The section provides in relevant part:

> An action . . . may be maintained against an employer . . . in any Federal
> or State court of competent jurisdiction by any one or more employees
> for and [on] behalf of himself or themselves and other employees
> *similarly situated*. No employee shall be a party plaintiff to any such
> action unless he gives his consent in writing to become such a party
> and such consent is filed in the court in which such action is brought.

*Id.* (emphasis added).

District courts have broad discretionary power to authorize the sending of notice to

potential class members in a collective action brought pursuant to section 216(b). *Hoffmann-La Roche*

*Inc. v. Sperling*, 493 U.S. 165 (1989) ("[D]istrict courts have discretion . . . to implement 29 U.S.C.

216(b) . . . by facilitating notice to potential plaintiffs.") "While the First Circuit has not addressed

the issue, most courts—including most district courts in this circuit—follow a two-step approach to

determine whether to issue notice" and "certify" a collective class under section 216(b).[3] *Cunha v.*

*Avis Budget Car Rental, LLC*, 221 F. Supp. 3d 178, 182 (D. Mass. 2016) (Saylor, J); *see also  Torrezani v.*

*VIP Auto Detailing, Inc.*, No. 16-40009, 2017 WL 888309, at *6 (D. Mass. Mar. 6, 2017) (applying

---

[3] A small minority of courts apply the standards of Rule 23—numerosity, typicality, commonality, and adequacy of representation—to motions brought under section 216(b). *See Trezvant v. Fidelity Employer Servs. Corp.*, 434 F.Supp.2d 40, 42-43 (D. Mass. 2006). "This Court follows the majority of courts and adopts the two-tier approach." *Id.* at 43.

two-tier approach and allowing conditional class certification even though discovery had completed);

*Lapan v. Dick's Sporting Goods, Inc.*, No. 13-11390, 2014 WL 4206212, at *1 (D. Mass. Aug. 20, 2014)

("After careful consideration, the court sees no reason to blaze new trails or to revisit the two-tier

approach laid out by Judge Young in *Trezvant . . . .*"). The overwhelming majority of courts in other

circuits have also adopted the two-tiered approach. *See, e.g., Myers v. Hertz Corp.*, 624 F.3d 537, 554–

55 (2d Cir. 2010) (noting that courts in their discretion have coalesced around a "sensible" two-step

method); *In re HCR Manorcare, Inc.*, 2011 U.S. App. LEXIS 26241, at *3 (6th Cir. Sept. 29, 2011)

("[w]e have ... implicitly upheld" the two-step approach); *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d

189, 192 (3d Cir. 2011) (noting that courts in the Third Circuit "typically employ a two-tiered

analysis" in "deciding whether a suit brought under § 216(b) may move forward as a collective

action"); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008) ("sanction[ing]" the

two-step approach).

        Under this two-step process, "the court makes an initial determination of whether the

potential class should receive notice of the pending action and then later, after discovery is complete,

the court makes a final 'similarly situated' determination." *Davine v. Golub Corp.*, No. CIV.A. 14-

30136-MGM, 2015 WL 1387922, at *1–2 (D. Mass. Mar. 25, 2015) (Mastroianni, J)(quoting *Trezvant

v. Fidelity Employer Servs. Corp.*, 434 F.Supp.2d 40, 43 (D. Mass. 2006) (Young, J)). Initially, during

what is often called the "notice stage," courts make a preliminary "similarly situated" finding and

determine whether to authorize notice to a potential class of the opportunity to opt into the suit. *Id.*

The second stage occurs at the completion of discovery when the employer may move to decertify

the class action. *Johnson v. VCG Holding Corp.*, 802 F. Supp. 2d 227, 234 (D. Me. 2011). At that point

a "more stringent" standard applies, *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 514

(E.D.N.Y. 2011), and courts consider, among other factors, "various defenses available to the

employer which appear to be individual to each employee" and other "fairness and procedural

considerations," 7B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1807 (3d. ed. 2016) ("*Wright & Miller*").

The R&R at issue here appropriately addressed Plaintiff's motion at the first stage of the two-step approach and focused on whether Plaintiff met his burden with respect to "similarly situated" employees, the only issue addressed in Defendants' opposition. (*See* R&R at 55; *see also* Dkt. No. 31, Defendants' opposition brief). In concluding that Plaintiff had not established he was similarly situated to potential Plaintiffs, the R&R applied a three-part test used by some courts in the District of Maine to address motions for preliminary certification. That test requires a "minimal factual showing" that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Johnson v. VCG Holding Corp.*, 802 F. Supp. 2d 227, 233 (D. Me. 2011) (quoting *Albanil v. Coast 2 Coast, Inc.,* Civil Action No. H–08–486, 2008 WL 4937565, at *6 (S.D.Tex. Nov. 17, 2008)) (internal quotation marks omitted).

The R&R found that Plaintiff satisfied the first prong through assertions in affidavits from Phulotsang, Tobden, and Dechen, and Plaintiff himself. Each affidavit described similar payroll practices on the part of Stonewall that failed to include overtime pay or minimum wages for each hour worked. (Dkt. No. 78 at 56). Noting each affidavit's "evidentiary value," and further considering that some of the affiants recounted discussions with some of at least 12 other employees about payroll practices, the R&R found a reasonable basis for crediting Plaintiff's assertion that other aggrieved individuals exist. (*Id.* at 56-57).

As for the second prong, the R&R reasoned that although those same affidavits, without more, would merit a preliminary finding that "stonemasons/construction workers as a group suffered from a common policy or practice that violated the law," other factual materials submitted

by Defendants established "unique circumstances" preventing such a finding. (*Id.* at 58-59). These circumstances derive from Lama's affidavit and excerpts from Plaintiff's deposition establishing without contradiction that (i) Plaintiff has been incarcerated for the length of this suit on charges for statutory rape and assault of Defendant Lama's underage daughter, and (ii) Plaintiff had invoked his 5th Amendment right against self-incrimination during a deposition taken during discovery in this case. (*Id.* at 58).[4] In light of these materials, the R&R voiced concern that Plaintiff would lack access to evidence while incarcerated, face impeachment challenges regarding his credibility and motive for bringing suit, and risk prejudicial inferences when further raising his 5th Amendment privilege. (*Id.*). Those concerns, according to the R&R, should prevent the court from finding that Plaintiff's is "similarly situated" to potential class plaintiffs and merit a holding that the second *Johnson* prong has therefore not been met. (*Id.*)

Moving to the third prong, the R&R likewise found that Plaintiff had not met his burden to show that similarly situated aggrieved individuals were interested in joining suit. This finding, of course, follows from the conclusion made at the second prong, because each *Johnson* prong is logically premised on the prior so that a negative finding at a prior step compels one at the following step—one cannot establish that similarly situated individuals want to join suit if they cannot establish those individuals are similarly situated. The R&R nevertheless expressly rejected the contention that the affidavits of Phulotsang, Tobde, and Dechen served as proof that similarly situated individuals are willing to join the suit because those affiants' claims are time-barred.[5]

---

[4] On March 28, 2018, Plaintiff filed a "Motion for Leave to File *supplement to objection to magistrate judge's report and recommendation*" in which he advised he has been found not guilty on all charges. (Dkt. No. 93). In light of the analysis below, that motion is dismissed as moot.

[5] Plaintiffs have not challenged the R&R's conclusion/recommendation that each of those affiant's claims were time-barred.

Plaintiff first contends the R&R made impermissible credibility determinations. (Dkt. No. 84 at 2-3). Second, he contends that concerns for impeachment or adverse inferences drawn from assertions of his Fifth Amendment privilege are overstated because he only raised it in response to a few immaterial questions. (*Id.* at 4-5). Third, he contends the third *Johnson* prong is inappropriate under the circumstances. (*Id.* at 5-6). Fourth, he contends that even if the third prong is considered he has satisfied it because the validity of Phulotsang, Tobde, and Dechen's claims should not be considered at the preliminary certification stage. (*Id.* at 7).

After *de novo* review, the court agrees that the recommendation to deny Plaintiff's motion should be rejected. As an initial matter, the court notes that contrary to Plaintiff's objections, the R&R did not assess Plaintiff's credibility, motive for bringing suit, or reasons for asserting privilege. Rather, the R&R simply voiced concern for Plaintiff's *susceptibility* to those assessments and found the risk of such challenges made him distinct from any otherwise similarly aggrieved individuals. Nevertheless, for the reasons below, the court finds these predictive concerns are premature and should not be addressed at this early stage.

As noted above, the R&R appropriately applied a two-step approach used by the overwhelming majority of federal courts. Because neither the FLSA, the Supreme Court, nor the First Circuit have defined "similarly situated," the issue has been largely left to courts' discretion, especially at the initial "notice" stage. While all courts agree that the burden is "fairly lenient," caselaw demonstrates a range of substantive standards, as thoroughly explained in *Trezvant v. Fidelity Employer Servs. Corp.*, 434 F.Supp.2d 40, 43 (D. Mass.2006) (Young, J); *see also Wright & Miller* § 1807 (describing "a very lenient" burden of proof.)

As explained in *Trezvant*, some courts have held plaintiffs can meet their burden by making a "modest factual showing" or asserting "substantial allegations" that "the putative class members were together the victims of a single decision, policy, or plan that violated the law." *Trezvant*, 434 F.

Supp. 2d at 43) (quoting, *inter alia*, *Thiessen v. Gen. Elec. Capital*, 267 F.3d 1095, 1102 (10th Cir. 2001)).

Similarly, other courts require "evidence of a common policy applied to the group of plaintiffs." *Id.*

at 44 (quoting *Frank et al. v. Gold'n Plump Poultry*, No. 04–1018, 2005 WL 2240336, at *3  (D. Minn.

Sept. 14, 2005)). Still others "focus more on factual, as opposed to legal, similarities amongst the

class," and require, among other things, "some combined showing of similar factual circumstances

and legal claims." *Id.* (citing, *inter alia*, *Baldozier v. Am. Family Mutual Ins.*, 375 F.Supp.2d 1089, 1092–

93 (D. Colo. 2005) and *Hunter v. Sprint Corp.*, 346 F.Supp.2d 113, 119 (D.D.C.2004)). Different

standards appear within this "combined" approach. *Id.* Some courts base a "similarly situated"

finding on "(1) whether [plaintiffs] all worked in the same corporate department, division and

location; (2) whether they all advanced similar claims; and (3) whether they sought substantially the

same form of relief." *Id.* (quoting, *inter alia*, *Lockhart v. Westinghouse Credit Corp.*, 879 F.2d 43, 51–52

(3d Cir.1989)). "The Eleventh Circuit requires a more substantial showing—namely, that there are

other employees with similar job requirements and pay provisions, and that these employees desire

to opt in, the latter indicative of a common legal claim." *Id.* (citing *Dybach v. Florida Dep't of Corrections*,

942 F.2d 1562, 1567–68 (11th Cir.1991).) *Johnson*, the case relied upon by the R&R and which issued

several years after *Trezvant*, expanded this "combined" approach to require a showing that aggrieved

individuals are "similarly situated to the plaintiff in relevant respects given the claims *and defenses*

*asserted*." *Johnson*, 802 F. Supp. 2d at 233 (emphasis added). More recently, in *Myers v. Hertz Corp.*, 624

F.3d 537, 555 (2d Cir. 2010), the Second Circuit endorsed a narrower standard discussed and

endorsed in *Trezvant*. In *Myers* the court allowed for preliminary certification after plaintiffs made "a

'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a

common policy or plan that violated the [FLSA].'" 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J)).[6]

After reviewing this array of discretionary standards, the court adopts for the present circumstances the approach endorsed by the Second Circuit and used in *Trezvant*. Plaintiff need only "put forth some evidence that the legal claims and factual characteristics of the class in this case are similar." 434 F. Supp. 2d at 44. A plaintiff's burden is satisfied, as many courts have recognized, through a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Blount v. U.S. Sec. Assocs.*, 945 F.Supp.2d 88, 92 (D.D.C. 2013) (quotation marks and citations omitted); *Myers*, 624 F.3d at 555. Potential defenses, let alone credibility challenges and a showing of actual willingness of identified class members, are inappropriate factors in these circumstances.

A more restricted standard better serves the purpose of notice stage determinations, "which is merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555. "At the second stage [a] district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.* Limiting the preliminary inquiry in this way, moreover, better serves section 216(b)'s "broad remedial goal" and the very purpose of allowing for collective actions in FLSA suits. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989). As Judge Saylor has noted, "FLSA collective actions were created to promote the efficient adjudication of similar claims, so similarly situated employees, whose claims are often small and not likely to be

---

[6] While First Circuit has not significantly addressed the standard, it quoted *Myers* in affirming a district court denial of certification and holding that the "modest factual showing" required by section 216(b) cannot be satisfied by "barebones motion for certification" and "conclusory allegations." *Cruz v. Bristol-Myers Squibb Co., PR*, 699 F.3d 563, 569 (1st Cir. 2012).

brought on an individual basis, may join together and pool their resources to prosecute claims." *Cunha*, 221 F. Supp. 3d at 181 (citations, quotation marks, and brackets omitted); *see also Skirchak v. Dynamics Research Corp.*, 508 F.3d 49, 58 (1st Cir. 2007) ("The Supreme Court has noted that the FLSA itself is meant to offset the superior bargaining power of employers both for particular employees at issue and broader classifications, and to offset the resulting general downward pressure on wages in competing businesses") (citing *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 302 (1985)).

Having delineated the standard, the court now finds Plaintiff has met his burden. He and three other affiants averred they were stonemasons or construction workers, they all worked approximately fifty-five hours a week, none were paid for all the hours worked, and none were paid overtime. Several affiants also recount conversations with at least 12 other employees about similar concerns. Taken as a whole, and considered in the context of related allegations in the amended complaint, the affidavits make a "modest showing" of factual similarities sufficient to form a coherent group of employees, including Plaintiff, who were underpaid and denied overtime as a matter of practice. This suffices to establish that Plaintiff is "similarly situated" to potential class members for purposes of preliminary certification.

The R&R effectively acknowledged this much when preliminarily concluding that Plaintiff established that "stonemasons/construction workers as a group suffered from a common policy or practice that violated the law" before finding, at prong two of its *Johnson* analysis, that "unique circumstances" rendered Plaintiff dissimilar. (R&R at 58-59). The court reaches the opposite conclusion on *de novo* review after applying a different standard but nevertheless notes that even if *Johnson* were applied here its conclusion would not be altered. Under the second *Johnson* prong, the R&R essentially found that *anticipated* trial tactics rendered Plaintiff dissimilar from the class of potential opt-in plaintiffs. This court views those concerns to have less relevance at the notice stage.

The court does not believe that these issues amount to "defenses" under *Johnson* and, in any event, finds any evaluation of "defenses" premature on the facts presented. [7] As for the third *Johnson* prong, the R&R essentially required Plaintiff to identify actual opt-in plaintiffs with valid claims. This court believes that sets the bar too high. *See Trezvant*, 434 F. Supp. 2d at 45.("[T]his Court can find no [precedent] requir[ing] a listing of potential plaintiffs as a general rule.") Plaintiff identified several coworkers who expressed an interest in joining suit, and that is enough under the "lenient" standards governing the issues here. That those coworkers' claims are below held time-barred on the facts alleged (and dismissed without prejudice) does not undermine Plaintiff's showing that "those individuals *want* to opt in to the lawsuit," which satisfies the third *Johnson* prong. 802 F. Supp. 2d at 233 (emphasis added). Plaintiff's motion is therefore GRANTED except to the extent it sought equitable tolling, which is addressed below.

---

[7] *Johnson*'s reference to "defenses" is curious, considering that its "similarly situated" analysis addressed none. *See* 802 F. Supp. 2d at 232-35. *Johnson* quotes *Albanil v. Coast 2 Coast, Inc.*, Civil Action No. H–08–486, 2008 WL 4937565 (S.D. Tex. Nov. 17, 2008) for its three-part test, *id.* at 233, which in turn cites two other Southern District of Texas cases for the same standard, *Albanil* at *3, *6 (citing *Maynor v. Dow Chem.* Co., No. G-07-504, 2008 WL 2220394 (S.D. Tex. May 28, 2008) and *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008, at *5 (S.D. Tex. Jan.24, 2007)). Of those cases, only *Albanil* considered defenses by any measure. There, the court deemed consideration of an assertion of an "exemption" defense "premature" at the conditional certification stage. *Albanil* at *7-8. Regardless of whether affirmative defenses are considered at this stage, no notice-stage analysis needs to anticipate the defensive tactics, challenges to credibility, or prejudicial inferences that may arise at trial. Those concerns were central to the R&R's finding of dissimilarity. As noted above, courts generally address only whether a plaintiff was similarly situated to other employees with respect to the occurrence of alleged FLSA violations, not whether they will face unique challenges after the close of evidence. *See, e.g.,* *Wright & Miller* § 1807 ("Conditional certification must be based on allegations showing common facts *among the parties' claims*, or showing that that there is a common policy of discrimination that affects all the collective members.") (emphasis added). It is only at the final certification stage that courts address issues for trial; at that point the standard is "higher" and courts call on additional factors that touch on the concerns raised by the R&R. *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997); *see also Wright & Miller* § 1807 (listing factors and collecting cases). "At that point the Court can decide whether to decertify the class or to let the claimants proceed to trial as a collective action." *Trezvant*, 434 F. Supp. at 44.; *see also Wright & Miller* § 1807 (explaining the second stage determines "whether the litigation should continue as a group action, whether subclasses should be established, or whether the action should be dismantled into individual trials")

### 2.  Defendants' Objections

#### i.   12(b)(1) Motion to Dismiss – Involvement of Interstate Commerce

Defendants moved to dismiss the FLSA claims in the original and amended complaints on identical grounds. (Dkt. Nos. 34-35). They contended in both instances that Plaintiff failed to allege their employment involved interstate commerce and that such failure deprived the court of federal subject matter jurisdiction. The R&R correctly noted that such allegations are not a jurisdictional requirement but an element of FLSA claims, (R&R at 18 (citing, *inter alia*, *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007)), and on that basis denied Defendants' jurisdictional challenge. In objecting, the Defendants acknowledge they erred in construing the issue as jurisdictional but object that the R&R should have, in its discretion, construed the motion as made under 12(b)(6), *see Lauwrier v. Garcia,* 2013 WL 11238497, at *4 (C. D. Cal., 2013) ("A court may convert a Rule 12(b) (1) motion to dismiss into a Rule 12(b)(6) motion where appropriate"), and granted on the merits. (Dkt. No. 83 at 1-6). For the sake of thoroughness, the court now converts the motions as made under 12(b)(6) and denies for the reasons substantially put forward in footnote 7 of the R&R.

The well-known standard applied to 12(b)(6) motions proceed in two steps. "First, conclusory allegations that merely parrot the relevant legal standard are disregarded, as they are not entitled to the presumption of truth." *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013). Second, the court accepts the remaining allegations as true and, drawing all reasonable inferences in plaintiffs' favor, decides whether they are sufficient to show an entitlement to relief. *Id.* The allegations must be enough to render the claim plausible: "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between [mere] possibility and plausibility of entitlement to relief.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). The court may draw on "judicial experience and common sense" in evaluating a complaint, *id.* at 679, 129 S. Ct. 1937, but cannot

disregard factual allegations "even if it strikes a savvy judge that actual proof of those facts is improbable," *Twombly*, 550 U.S. at 556.

As the First Circuit has explained, "one of the 'basic elements' necessary to showing an entitlement to relief under the FLSA is that 'the work involved interstate activity.' " *Martinez v. Petrenko*, 792 F.3d 173, 179 (1st Cir. 2015) (quoting *Manning*, 725 F.3d at 43). One way to satisfy this element is to allege facts establishing so-called "enterprise coverage" created by amendments to the FLSA in 1961.[8] The FLSA defines an "enterprise engaged in commerce" as a business that (1) has employees "engaged in commerce or in the production of goods for commerce, *or* that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," *and* (2) has an annual gross revenue of at least $500,000. 29 U.S.C. § 203(s)(1)(A)(i)-(ii). (emphasis added).

Plaintiff has alleged facts sufficient to satisfy both those elements. The amended complaint alleges that (i) Stonewall has gross sales in excess of $500,000 per year, and (ii) purchases and handles goods moved in interstate commerce (including flagstone, bluestone, and marble), and engages in construction in Massachusetts, New Hampshire, Connecticut, and New York. (Dkt. No. 34 ¶¶14-17) These allegations are more than enough to establish enterprise coverage at this stage, where all inferences are drawn in Plaintiff's favor. *See, e.g.*, *Martinez v. Manolos Tamales, Inc.*, No. 14 C 9686, 2015 WL 5144024, at *2 (N.D. Ill. Aug. 31, 2015) ("[I]t it is a plausible inference that in the course of cooking and cleaning at tamale restaurants in Chicago, plaintiff handled goods that had moved in interstate commerce."); *Boutros v. JTC Painting & Decorating Corp.*, 989 F. Supp. 2d 281,

---

[8] "Prior to the introduction of enterprise coverage in 1961, the only individuals covered . . . were those engaged directly in interstate commerce or in the production of goods for interstate commerce. Enterprise coverage substantially broadened the scope of the [FLSA] to include any employee of an enterprise engaged in interstate commerce, as defined by the [FLSA]." *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985).

284–85 (S.D.N.Y. 2013) (allegations that employees used tools and "other materials" that travel in

interstate commerce and that employer revenues exceeded $500,000 satisfactorily alleged coverage).

Accordingly, these objections are OVERRULED.


### ii. Denial of "Motion for Equitable Tolling"

As construed here, Plaintiff's "Motion for Equitable Tolling" sought two forms of relief: (i)

tolling of the statute of limitations for claims asserted by Phulotsang, Tobden, and Dechen, and (ii)

tolling of the statute of limitations for any claims ultimately made by potential opt-in Plaintiffs. The

R&R denied the former without prejudice and the latter as a premature effort to elicit an advisory

opinion. (Dkt. No. 78 at 27-32, 60-61). Defendants now object that both denials should have been

made with prejudice.

As for denial of the request to toll claims of Phulotsang, Tobden, and Dechen, Defendants

contend that denial should be with prejudice because the "recommendation that [those plaintiffs] be

granted affirmative leave to file a further amended complaint or renewed motion is unnecessary and

in error" and would cause Defendants unidentified prejudice. (Dkt. No. 82 at 7). The court is

unpersuaded. The R&R never recommended granting "affirmative leave" to refile and none is

granted here. Rather, the denial recommended in the R&R and hereby adopted is "without prejudice

to [the] *ability* to seek leave to file an amended complaint that establishes a predicate for equitable

tolling of the statute of limitations to the extent that the facts would support it." (Dkt. No. 78 at 32).

Although the Defendants' claim they will be prejudiced, the court fathoms no examples of prejudice

and Defendants provide none.

As for the contention that denial of the request to toll claims for potential opt-in plaintiffs

should be made with prejudice, the court likewise OVERRULES the objection, which appears to be

premised on the court's adopting the R&R's recommendation to deny conditional certification,

which is rejected above. Suffice to it say that the timeliness of potential plaintiffs' claims should be addressed when particular plaintiffs, if any, opt in in writing. *See Tidd v. Adecco USA, Inc.*, No. CIV.A. 07-11214-GAO, 2010 WL 996769, at *3 (D. Mass. Mar. 16, 2010) ("Because these persons have not yet opted-in to the case, the plaintiffs are, in effect, asking for an advisory opinion, which the Court cannot issue.")

### iii.   Dismissal of 26 U.S.C. § 7434 claim

The R&R granted Defendant's 12(b)(6) motion with respect to Plaintiff's § 7434 claims without prejudice to Plaintiff's ability to seek leave to file an amended complaint that cured pleading deficiencies. Defendants object that denying without prejudice will allow "a third bite at the apple." (Dkt. No. 82 at 7). The court defers to the Magistrate Judge's ruling on this issue. Pursuant to common practice and the court's general referral order (Dkt. No . 15), the magistrate has and will continue to oversee discovery and future motions for leave to file amended pleadings, and the court sees no reason to interfere with that process.

### iv.   12(b)(6) Allegations Supporting Willfulness of FLSA Violations

Finally, the court agrees with the R&R's analysis concerning the sufficiency of Plaintiff's allegations to support a claim of willful violation of the FLSA and denial of Defendant's 12(b)(6) motion to dismiss the same. As the R&R explained, "[a] motion to dismiss must focus not on whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support the claims." (R&R at 33 (quoting *De Prins v. Michaeles*, 236 F. Supp. 3d 482, 487 (D. Mass. 2017)). To that end, conclusory allegations are ignored but all reasonable inferences must be drawn from allegations of a factual nature in determining, in light of judicial experience and common sense, whether a claim has been plausibly made. (*Id.*)

Here, Plaintiff's allegations concerning willfulness pass muster. He has alleged, among other things, that Defendants failed to keep full and accurate records of hours worked, underreported his hours on pay slips, sometimes paid wages in cash, and consistently failed to pay overtime wages. These allegations alone are enough to allow for reasonable inferences of willfulness, just as the evidence of the same allowed the fact finders to reasonably find willfulness in the cases cited in the R&R. (*Id.* (collecting cases); *see also Landry v. Time Warner Cable, Inc.,* No. 16-CV-507-SM, 2017 WL 3444825, at *3 (D.N.H. Aug. 9, 2017) ("The complaint's allegations of "willfulness" are sufficient— if barely—to survive [the] motion to dismiss. Once discovery is completed, this issue may be better addressed on summary judgment."). Defendants are correct in noting the cases cited in the R&R involved findings of fact made from evidence that included more detail than the facts alleged here, but those allegations are nevertheless enough at this stage. *See Goodman v. Port Auth. of N.Y & N.J.,* 850 F. Supp. 2d 363, 381 (S.D.N.Y. 2012) ("Whether or not a violation of the FLSA is 'willful' is a fact-intensive inquiry not appropriately resolved on a motion to dismiss.")

## III.   CONCLUSION

For the reasons and to the extent set forth above, the courts ADOPTS the recommendations in the R&R (Dkt. No. 78) in PART and REJECTS the recommendation to deny certification. Therefore, upon de novo review, the court orders as follows:

(i)     Defendants' motions to dismiss (Dkt. No. 34, 45, 47, and 49) are hereby DENIED IN PART and GRANTED IN PART;

(ii)    Plaintiff's "Motion to Certify Class Conditional FLSA Collective" is  (Dkt. No. 22) is GRANTED except to the extent it seeks an advisory order on equitable tolling;

(iii)   Plaintiff's "Motion for Order for Equitable Tolling" (Dkt. NO. 62) is DENIED WITHOUT PREJUDICE;

(iv)    Plaintiff's motion to supplement his objections (Dkt. No. 93) is DISMISSED as MOOT; and

(v)    because Plaintiff has been in part granted leave to file an amended complaint, he is
directed to file an amended pleading consistent with the above within two weeks of
this order's issuance.

                                                _/s/ Mark G. Mastroianni_
                                                MARK G. MASTROIANNI
                                                United States District Judge