PONTIKES LAW, LLC
Rebecca G. Pontikes, Esq.
10 Tremont Street, 2nd Floor
Boston, MA 02108
Tel: (617) 357-1888

TROY LAW, PLLC
John Troy, Esq.
*admitted *pro hac vice*
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324

*Attorneys for the Plaintiff, proposed FLSA Collective,*
*and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

------------------------------------------------------------------x

JAMPA GONPO,
*individually and on behalf of others similarly situated,*
                                        Plaintiff,

                        v.

SONAM'S STONEWALLS & ART, LLC
        d/b/a Sonam's Stonewalls and Art, and
SONAM RINCHEN LAMA,
                                        Defendants.

------------------------------------------------------------------x

**Case No. 16-cv-40138**

**29 U.S.C. § 216(b) COLLECTIVE ACTION & FED. R. CIV. P. 23 CLASS ACTION**

**SECOND AMENDED COMPLAINT**

Plaintiff JAMPA GONPO (hereinafter referred to as "Plaintiff"), individually and on behalf of others similarly situated, by and through their attorneys, Troy Law, PLLC and Pontikes Law, LLC, hereby bring this complaint against Defendants SONAM'S STONEWALLS & ART, LLC d/b/a Sonam's Stonewalls and Art, and SONAM RINCHEN LAMA (hereinafter referred to as "Defendants.")

## <u>INTRODUCTION</u>

1. This action is brought by Plaintiff, individually and on behalf of other similarly situated employees against Defendants for violations of the Fair Labor Standards Act and the

1

Massachusetts General Law (MGL), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.  Plaintiff JAMPA GONPO alleges pursuant to the FLSA, on behalf of himself and similarly situated employees, that they are entitled to recover from the Defendants: (1) unpaid wages and unpaid minimum wage compensation, (2) unpaid overtime wage compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

3.  Plaintiff JAMPA GONPO further alleges pursuant to Massachusetts General Law (MGL) Chapter 149 § 148, § 150 and Chapter 151 § 1A, individually and on behalf of similarly situated employees, that he is entitled to recover from the Defendants: (1) treble damages should Plaintiff prevail in his wage-and-hour lawsuit to recover (a) unpaid wages, (b) unpaid minimum wage compensation, (c) unpaid overtime wage compensation, (2) 12% simple pre and post judgment interest provided by MGL Chapter 231 § 6B, and (3) attorney's fees and costs.

4.  Plaintiff further alleges that he is entitled to recover from Defendants under (1) breach of implied contract for reimbursement of all costs and expenses of operating his personal vehicle on behalf of Defendants (2) breach of the covenant of good faith and fair dealing, (3) quantum meruit, (4) unjust enrichment, and (5) further equitable relief as detailed below.

<u>**JURISDICTION AND VENUE**</u>

5.  This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) AND 28 U.S.C. § 1331.

6.  This Court has jurisdiction over state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and has supplemental jurisdiction over the Massachusetts General Law claims pursuant to 28 U.S.C. § 1367(a).

2

7. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

8. Plaintiff has satisfied all prerequisites and conditions precedent necessary to seek the remedies sought in this action.

9. Attached as **Exhibit A** hereto is the authorization from the office of the Attorney General to pursue Plaintiff JAMPA GONPO's claims set forth in this Complaint through a private lawsuit in civil court.

## PLAINTIFF

10. Plaintiff JAMPA GONPO was employed by Defendants to work as a stonemason/ construction worker at Sonam's Stonewalls and Art.

## DEFENDANTS

### Corporate Defendant

11. Defendant SONAM'S STONEWALLS & ART, LLC d/b/a Sonam's Stonewalls and Art is a domestic business corporation organized under the laws of the State of Massachusetts with a principal address at 265 Greenfield Road, South Deerfield, MA 01373.

12. Upon information and belief, SONAM'S STONEWALLS & ART, LLC d/b/a Sonam's Stonewalls and Art is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

13. Upon information and belief SONAM'S STONEWALLS & ART, LLC d/b/a Sonam's Stonewalls and Art purchased and handled goods moved in interstate commerce, including the flagstone, bluestone, and marbles used to create unique stone walls or structures.

14. Upon information and belief, SONAM'S STONEWALLS & ART, LLC d/b/a Sonam's Stonewalls and Art engages in construction projects in various states including

Massachusetts, Vermont, and New Hampshire, Connecticut, and New York.

15. At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by SONAM'S STONEWALLS & ART, LLC d/b/a Sonam's Stonewalls and Art.

*Owner/Operator Defendant*

16. Owner/Operator Defendant SONAM RINCHEN LAMA, known as "Boss" to Plaintiff, is a Tibetan master stonemason who is in charge of all areas of the stonemasonry construction business SONAM'S STONEWALLS & ART, LLC d/b/a Sonam's Stonewalls and Art at 265 Greenfield Road, South Deerfield, MA 01373.

17. Defendant SONAM RINCHEN LAMA exercises sufficient control over SONAM'S STONEWALLS & ART, LLC d/b/a Sonam's Stonewalls and Art's day-to-day operations to be considered an employer of Plaintiff and those similarly situated under the FLSA and MGL.

18. Defendant SONAM RINCHEN LAMA (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

19. Defendant SONAM RINCHEN LAMA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, MGL Chapter 149 § 148 and the regulations thereunder, and is jointly and severally liable with SONAM'S STONEWALLS & ART, LLC d/b/a Sonam's Stonewalls and Art.

## STATEMENT OF FACTS

20. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the Collective Action Members, and the Class.

21. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and

similarly situated employees at least the hourly minimum wage rate for each hour worked.

22. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

23. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawfully due overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

24. At all relevant times, Defendants knowingly and willfully failed to maintain a regular pay day, paying Plaintiff and similarly situated employees roughly every two weeks.

25. At all relevant times, Defendants knowingly and willfully hired recent immigrants with extremely limited knowledge of English and of American labor law, and with virtually no possibility of returning to their native countries, in order to facilitate their exploitation of Plaintiff's and similarly situated employees' labor.

26. At all relevant times, Defendants knowingly and willfully failed to inform Plaintiff and similarly situated employees that they were entitled to a minimum wage and overtime, and knowingly and willfully failed to post required federal and Massachusetts Department of Labor notices regarding minimum wage and overtime, in order to facilitate their exploitation of Plaintiff's and similarly situated employees' labor.

27. Defendants willfully and intentionally failed to keep full and accurate records of Plaintiff's hours worked and wages paid, in order to facilitate their exploitation of Plaintiff's and similarly situated employees' labor.

28. At all relevant times, Defendants knowingly and willfully failed to reimburse Plaintiff and similarly situated employees for business expenses that Plaintiff would shoulder such as

gas and maintenance of personal vehicles used for purposes of carrying out Defendants' business.

29. Defendants willfully and intentionally committed widespread violations of the FLSA and MGL.

30. Defendants received a benefit conferred to them by Plaintiff in the form of unpaid wages. Defendants had an appreciation and/or knowledge of these benefits conferred to them. Defendants' acceptance of the conferred benefit would be inequitable without payment for its value.

*Plaintiff JAMPA GONPO*

31. From on or about March 22, 2008 to November 15, 2015, Plaintiff JAMPA GONPO was employed by Defendants to work as a stone mason/construction worker at Sonam's Stonewalls and Art.

32. At the time he was hired, Plaintiff JAMPA GONPO was not given written notice of what his regular hourly pay rate would be, and was not given any notice of what his overtime hourly pay rate would be.

33. In the spring and fall months, Plaintiff JAMPA GONPO worked from 7:00 am to 5:00 pm, ten (10) hours each day, Mondays through Fridays, five (5) days each week. In addition, Plaintiff worked from 7:00 am to 2:00 pm on Saturdays, for seven (7) hours a day. In total, Plaintiff worked fifty-seven (57) hours each week during the spring and fall.

34. In the summer months, Plaintiff JAMPA GONPO worked from 6:00 am to 4:00 pm, ten (10) hours each day, Mondays through Fridays, five (5) days each week. In addition, Plaintiff worked from 6:00 am to 1:00 pm on Saturdays, for seven (7) hours a day. In total, Plaintiff worked fifty-seven (57) hours each week during the summer.

35. From on or about March 22, 2008 to April 29, 2009, he was paid at a rate of nine dollars ($9.00) per hour.

36. From on or about April 30, 2009 to May 28, 2010, Plaintiff JAMPA GONPO was paid at a rate of ten dollars ($10.00) per hour.

37. From on or about May 29, 2010 to December 19, 2010, Plaintiff JAMPA GONPO was paid at a rate of eleven dollars ($11.00) per hour.

38. From on or about March 20, 2011 to May 20, 2011, Plaintiff JAMPA GONPO was paid at a rate of eleven dollars ($11.00) per hour.

39. From on or about May 21, 2011 to August 27, 2011, Plaintiff JAMPA GONPO was paid at a rate of twelve dollars ($12.00) per hour.

40. From on or about August 28, 2011 to the end of his employment, Plaintiff JAMPA GONPO was paid at a rate of fourteen dollars ($14.00) per hour.

41. At all relevant times, Plaintiff JAMPA GONPO was paid approximately every two weeks, for a pay period of the two preceding weeks even if more than two weeks had passed between payments, by check for some, but never all, of his hours worked.

42. Beginning in May 14, 2009, Plaintiff JAMPA GONPO would receive pay stubs with his pay checks.

43. At all relevant times, Plaintiff JAMPA GONPO's pay stubs consistently underreported his hours worked during each pay period, never reporting more than 72 hours per two-week period despite Plaintiff JAMPA GONPO working 114 hours over each pay period (57 hours per week).

44. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff JAMPA GONPO his lawfully due overtime compensation of one and one-half times (1.5x) his

7

regular rate of pay for all hours worked over forty (40) in a given workweek.

45. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

46. Defendants required Plaintiff to shoulder Defendants' business expenses, including expending out-of-pocket and unreimbursed expenses such as gas and maintenance of personal vehicles used for the purpose of carrying out duties essential to Defendant's business.

47. Plaintiff JAMPA GONPO, as well as other employees that had motor vehicles, regularly drove themselves and their team members from Defendants' headquarters to the designated worksites and back. The car not only would contain the passengers, but the necessary work materials for the stonemason or construction job that that they were to perform such as bricks, stones, and sand. The designated worksites included not only Massachusetts but also other states such as New Hampshire, Vermont, New York, and Connecticut.

48. When Defendants' employees drove from Defendants' headquarters to work project sites, they would either use one of Defendants' motor vehicles or their own personal vehicle. When employees drove one of Defendants' vehicles, they would pay for gas using Defendants' credit card. However, when employees drove their own vehicles, they had to pay for the gas themselves.

49. The range driven would vary considerably from project to project, depending on whether the project was in the local area, or in a different state such as New Hampshire, Vermont, New York, or Connecticut.

## COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff Jampa Gonpo brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been

or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

51. Plaintiff JAMPA GONPO brings his MGL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is three (3) years before the filing of the Complaint in this case as defined herein (the "Class Period").

52. All said persons, including Plaintiff JAMPA GONPO, are referred to herein as the "Class."

53. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

54. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, at all relevant times, there are over forty (40) members in the class.

*Commonality*

55. There are questions of law and fact common to the Class which predominate over any

questions affecting only individual Class Members, including:

a.  Whether Defendants employed Plaintiff and the Class within the meaning of the Massachusetts law;

b.  Whether Defendants failed to pay Plaintiff and the Class promised wages for work for Defendants;

c.  Whether Plaintiff and Class Members are paid at least the minimum wage for each hour worked under the Massachusetts General Law;

d.  Whether Plaintiff and Class Members are entitled to and paid overtime under the Massachusetts General Law; and

e.  At what common rate, or rates subject to common method of calculation were and are Defendants required to pay the Class Members for their work.

*Typicality*

56.  Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime compensation. They were, furthermore, subject to illegal deductions. Defendants' corporate wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

57. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

*Superiority*

58. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action

can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

59. Upon information and belief, Defendants and other employers throughout the state violate M.G.L. c. 149, § 148 and M.G.L. c. 151 § 1A. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wage Brought on Behalf of the Plaintiff and the FLSA Collective]**

60. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the similarly situated Collective Action Members for some or all of the hours that they worked.

62. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

63. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and the Collective Action Members at the statutory minimum wage for each hour worked when they knew or should have known such was due

and that failing to do so would financially injure Plaintiff and the Collective Action Members.

## COUNT II.
### [Violations of the Massachusetts General Law—Nonpayment of Wages Brought on Behalf of the Plaintiff and the Rule 23 Class]

64. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

65. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Massachusetts General Law.

66. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff wages, in violation of MGL Chapter 149 § 148.

67. Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

68. An employer who fails to pay wages when they are due shall be liable, in addition to the amount of any underpayments, for treble damages under Treble Damages Law, and interest.

## COUNT III.
### [Violations of the Massachusetts General Law—Failure to Pay Minimum Wage Brought on Behalf of the Plaintiff and the Rule 23 Class]

69. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70. At all relevant times, Plaintiff was employed by Defendants within the meaning of Massachusetts General Law.

71. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the Class Members, for some or all of the hours they worked.

72. Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay minimum wages in the lawful amount for hours worked.

73. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for treble damages under Treble Damages Law, and interest.

## COUNT IV.
**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on Behalf of the Plaintiff and the FLSA Collective]**

74. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC § 207(a).

76. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

77. Defendants' failure to pay Plaintiff and the Collective Action Members overtime violated the FLSA.

78. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*,

including 29 U.S.C. §§ 207(a)(1) and 215(a).

79. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

80. Defendants willfully failed to notify Plaintiff and Collective Action Members of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and the Collective Action Members' labor.

81. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Action Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and the Collective Action Members.

### COUNT V.
### [Violations of the Massachusetts General Law —Failure to Pay Overtime Brought on Behalf of the Plaintiff and the Rule 23 Class]

82. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate to which the Plaintiff and the Class are entitled.

84. Defendant' failure to pay Plaintiff overtime violated the MGL Chapter 151 §§ 1A and 1B.

85. Defendants' failure to pay Plaintiff was not in good faith.

86. An employer who fails to pay overtime shall be liable, in addition to the amount of any underpayments, for treble damages under Treble Damages Law, and interest.

## COUNT VI.
### [Breach of Contract
### Brought on Behalf of the Plaintiff]

87. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88. Plaintiff and Defendants entered into an agreement concerning Plaintiff's provision of services to Defendants.

89. The parties' agreement was supported by consideration.

90. The agreement constitutes a valid, binding contract.

91. By the acts set forth above, Defendants committed one or more breaches of the contract.

## COUNT VII.
### [Quantum Meruit
### Brought on Behalf of the Plaintiff]

92. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93. Plaintiff rendered services to Defendants with the reasonable expectation of being paid by Defendants.

94. Defendants, having reason to believe that Plaintiff was acting with the expectation of being paid, permitted them to act without objection.

95. Defendants have failed and refused to pay Plaintiff for the services rendered.

96. As a direct and proximate result of Defendants' conduct, Plaintiff suffered economic damages in an amount to be determined at trial.

## COUNT VIII.
### [Breach of Covenant of Good Faith and Fair Dealing
### Brought on Behalf of the Plaintiff]

97. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

98. In every contract there is an implied covenant of good faith and fair dealing.

99. As set forth above, Defendants breached the covenant of good faith fair dealing implied in their agreements with Plaintiff. Specifically, Defendants breached the duty by performing in a manner that was unfaithful to the purposes of the agreements, by failing to perform in a manner that was faithful to the purposes of the agreements and by performing and failing to perform in a manner designed to deprive Plaintiff of wages and reimbursements to which they were entitled under the agreements.

100. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has sustained damages and continues to suffer damages.

**COUNT IX.**
**[Unjust Enrichment**
**Brought on Behalf of the Plaintiff]**

101. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

102. Plaintiff has provided services to Defendants by performing stonemason and construction work.

103. Defendants benefitted from these services in the form of retaining money that was due to Plaintiff for the performance of services.

104. To the extent that Defendants assert that they have no contractual obligation to pay Plaintiff, Plaintiff asserts equitable claims for damages sustained from Defendants' failures to properly compensate Plaintiff in quantum meruit.

105. As a matter of equity, Plaintiff is entitled to the reasonable value of the services rendered to Defendants.

106. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has sustained damages and continues to suffer damages in the form of unpaid wages and

unreimbursed expenses.

## COUNT X.
### [For Equitable Relief
### Brought on Behalf of the Plaintiff]

107.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

108.    By reason of the matters complained of herein, Plaintiff is entitled to equitable relief against Defendants, including a complete and accurate accounting from SONAM'S STONEWALLS & ART, LLC d/b/a Sonam's Stonewalls and Art from September 27, 2010 to the present.

109.    Plaintiff demands that Defendants make available to him all books and records which he or his agents deem necessary to inspect and copy in order to obtain a complete and accurate accounting.

## COUNT XI.
### [Breach of Implied Contract for Reimbursement of all Costs and Expenses of Motor
### Vehicles, Including Depreciation, Insurance, Maintenance, and Repairs
### Brought on Behalf of the Plaintiff]

110.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

111.    Throughout the relevant period, Defendants required the employees who had cars to drive themselves and their team to designated worksites and to bear all of the "out-of-pocket" costs associated with their motor vehicle, including the maintenance, repair, maintenance of a motor vehicle.

112.    Based on his personal experience and available information, Plaintiff JAMPA GONPO can document actual "out-of-pocket" vehicle related expenses of his motor vehicle.

113.    The conduct of Defendants, and the course of Defendants' conduct between the parties, evidenced an intent for Plaintiff to maintain the motor vehicle in working condition.

114.    Plaintiff maintained and repaired the motor vehicle at his own expense.

115.    Plaintiffs drove himself and his team members to various worksites and back to Defendants' headquarters for the sole benefit of the Defendants.

116.    Defendants neither explicitly nor implicitly requested Plaintiff to cease the purchase of gasoline and/or the car maintenance.

117.    The IRS has published a standard mileage rate used to calculate the costs of operating an automobile for business purposes.

118.    In 2011, the IRS standard mileage rate for the use of a car is 51 cents per mile for business miles driven.

119.    In 2012, the IRS standard mileage rate for the use of a car is 55.5 cents per mile for business miles driven.

120.    In 2013, the IRS standard mileage rate for the use of a car is 56.5 cents per mile for business miles driven.

121.    In 2014, the IRS standard mileage rate for the use of a car is 56 cents per mile for business miles driven.

122.    In 2015, the IRS standard mileage rate for the use of a car is 57.5 cents per mile for business miles driven.

123.    In 2016, the IRS standard mileage rate for the use of a car is 54 cents per mile for business miles driven.

124.    As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiff would incur the expenses for motor

vehicle purchase and maintenance in exchange for compensation from Defendants for such expenses.

125.    Defendants owe Plaintiff his overdue costs of maintaining motor vehicle for Defendants' benefit.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff, individually and on the behalf of the Collective Action Members and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)   Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)   Certification of this case as a collective action pursuant to FLSA;

c)   Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d)   A declaratory judgment that the practices complained of herein are unlawful under FLSA, M.G.L. c. 149, §§ 148, 150, and M.G.L. c. 151, §§ 1A, 1B and 20;

e)  An injunction against Corporate Defendant, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)  An award of unpaid minimum wage and overtime wages due under FLSA and Massachusetts Law due to Plaintiff JAMPA GONPO and the Collective Action members plus compensatory and liquidated damages.

g)  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. § 216;

h)  An award of treble damages as a result of Defendants' willful failure to pay wages, minimum wage, overtime pay pursuant to M.G.L. c. 149, §§ 148, 150, and M.G.L. c. 151, §§ 1A, 1B and 20;

i)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. § 216(b);

j)  The cost and disbursements of this action;

k)  An award of prejudgment and post-judgment fees;

l)  Equitable tolling for claims to the date that the original complaint was filed

m)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: April 23, 2018
          Flushing, NY

                              Pontikes Law, LLC

Rebecca G. Pontikes, Esq.
Bryn Sfetsios
10 Tremont Street, 2nd Floor
Boston, MA 02108
Tel: (617) 357-1888
rpontikes@pontikeslawllc.com
*Attorneys for Plaintiff*

TROY LAW, PLLC


 /s/ John Troy
John Troy, Esq.
*admitted *pro hac vice*
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for Plaintiff*