UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CA. No. 3: 16-cv 40138

|  |  |
|---|---|
| JAMPA GONPO,<br>           Plaintiff<br><br>v.<br><br>SONAM'S STONEWALLS & ART, LLC, et al.<br>           Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Defendants' Pretrial Conference Report [1]

1.   **Defendants' estimated length of trial (9 am – 4:30 pm) is 3 days**.

2.   **Defendants list of witnesses (telephone numbers on request)**

   Sonam Lama, 261 Greenfield Road, South Deerfield, Massachusetts

   Tenzin Bhuti, 261 Greenfield Road, South Deerfield, Massachusetts

   Elizabeth W. Scheffey 213 Pratt Corner Road, Leverett, Massachusetts

   Lisa M. Hogan, 180 E Main Street, Ste. 205C, Patchogue, New York

---

[1]  The PreTrial Procedural Order (Dkt. 128), ¶5 requires the parties to "jointly file" … "a jointly prepared pretrial memorandum setting forth the information required by Local Rule 16.5(d), including: an estimate of the probable length of trial and final witness lists, with names, addresses, and telephone numbers;"  Typically, it is the plaintiff (as the party asserting claims) who initiates of the conferencing, and undertakes the drafting and the filing of jointly prepared final pretrial memorandum.  Here, plaintiff's counsel did not initiate such conferencing in this case nor has he offered a draft Pretrial Conference Memorandum to defendants' counsel for discussion and negotiation.  Nevertheless, defendants' counsel reached out by email a week ago (November 11, 2019) to Attorney Troy (plaintiff's counsel) to initiate the required conferencing. See Exhibit A hereto.  As of this filing, plaintiff's counsel has not responded.

Additionally, plaintiff's counsel has not filed a response to defendants' Motion to Decertify Conditional Class. Dkt. 129.  Plaintiff's counsel has filed no response or opposition to defendants' Motion in Limine. Dkt. 131.  Though none are required, plaintiff's counsel has not filed any motions *in limine* on October 28, 2019 (per the PreTrial Procedural Order (Dkt. 128), ¶2.)

       Tsultrim Dolma, 170 East Hadley Road, Hadley, Massachusetts

       Fiodor Tahij, 33 Rockland Rd Greenfield, Massachusetts

       Phama Sithir, 120 Davis St Greenfield, Massachusetts

       Sonam Gyaltsen, 120 Davis St Greenfield Massachusetts

       Jampa Dondop, 310 Chapman St Greenfield Massachusetts

       Lobsang Dorjee, 57 ½ Main Street, Shelburne Falls, Massachusetts

       ADA Caleb Wiener, Sgt. Thomas Bakey, Trp. John Riley, c/o NW District Attorney, Northampton, Massachusetts

Defendants reserve the right to call witnesses on plaintiff's witness list, rebuttal witnesses and other necessary witnesses.

**3.**     **Defendants' concise statement of the case, to be given to the panel before voire dire**

    This case arises under the Federal Fair Labor Standards Act, also known as the FLSA, the Wage Payment Statutes of the Commonwealth of Massachusetts and the general rules of contract law.

    We call the party bringing a lawsuit the plaintiff. The party or parties being sued are called the defendant or defendants.

    In this case, Jampa Gonpo is the plaintiff. He claims that at times during his employment with the Defendants that he worked in excess of 40 hours per workweek, and that he was not paid overtime for hours worked in excess of 40 hours in a given workweek. In addition, Jampa Gonpo claims he was not paid all of his regular wages for hours he worked in certain workweeks.

    Sonam Lama and Sonam Stonewalls and Arts, LLC are the defendants in this case. They were employers of Jampa Gonpo within the meaning of these laws.

    Defendants Sonam Lama and Sonam Stonewalls and Arts, LLC deny all of Jampa Gonpo's claims.

**4. Defendants' short statement of the applicable law, to be given to the jury before opening Statements**

The FLSA and Massachusetts wage law requires employers to pay employees overtime for hours worked in excess of 40 in a workweek. The law requires employers to pay an overtime rate of 1½ times the regular hourly rate for overtime hours worked.

Massachusetts wage law requires employers to pay employees their regular wages for all hours worked in a workweek.

Under principles of contract law, employers must pay employees in accordance with their agreement, including any verbal agreements between employers and employees.

**5. Defendants' Identification of Issues**

Defendants dispute plaintiff's allegations that he is owed overtime pay and that he is owed regular pay for hours worked.

Regarding plaintiff's claim for liquidated damages, defendants assert that at all times they acted reasonably and in good faith concerning their obligations under the FLSA.

**6. Additional information required by LR 16.5(d)**

**(1) a concise summary of the evidence that will be offered by defendants with respect to both liability and damages (including special damages, if any);**

Defendants will offer documentary evidence and testimonial evidence from Sonam Lama and Gonpo's co-workers disputing Gonpo's overtime claims, disputing claims of unpaid regular hours, and disputing Gonpo's claims for liquidated damages.

**(2) the facts established by pleadings or by stipulations or admissions of counsel;**

The pleadings and record shows that Gonpo was employed by defendants from 2008 until 2015.

3

**(3)**     **contested issues of fact;**

The contested issues of facts are (i) whether Gonpo was not paid for regular hours of work; (ii) whether Gonpo performed overtime work; (iii) whether defendants did not keep payroll records required by the FLSA; and, if defendants were non-compliant with the record keeping requirements of the FSLA, whether the defendants' conduct was willful.

**(4)**     **any jurisdictional questions;** None

**(5)**     **any questions raised by pending motions;**

The Court has not ruled on defendants' Motion to Decertify Conditional Class. Dkt. 129.

Defendants' Motion in Limine (Dkt. 131) is pending.

**(6)**     **issues of law, including evidentiary questions, together with supporting authority;**

See defendants' Motion in Limine

**(7)**     **any requested amendments to the pleadings;** None

**(8)**     **any additional matters to aid in the disposition of the action;**

Issues related to Tibetan interpreters and the qualifications of interpreters.

**(9)**     **the probable length of the trial;** three full days

**(10)**    **the names, addresses and telephone numbers of witnesses to be called (expert and others) and whether the testimony of any such witness is intended to be presented by deposition;**

Defendants' List of Witnesses, see ¶ 2, *supra*.

**(11)**    **Defendants' proposed exhibits;**

Defendants' payroll books and records;

Gonpo's payroll books and records;

Compilations of defendants' payroll books and records and Gonpo's payroll books and records;

Certified business records of Western Union

Defendants may utilize chalks to present evidence concerning Gonpo's pay claims.

**(12)** **the parties' respective positions on any remaining objections to the evidence.**

Plaintiff has not filed a response or opposition to defendants' Motion in Limine. Defendants assert that plaintiff has waived his objections to defendants proposed evidence identified in defendants' Motion in Limine.

Respectfully Submitted:

THE DEFENDANTS:
SONAM'S STONEWALLS & ART, LLC,
d/b/a SONAM'S STONEWALLS AND ART,
and SONAM RINCHEN LAMA,

By Their Attorney,

November 18, 2019

/s/ Thomas T. Merrigan
Thomas T. Merrigan, Esq., BBO #343480
Sweeney Merrigan Law, LLP
393 Main Street, Greenfield, MA 01301
Phone (413) 774-5300, Fax (413) 773-3388
tom@sweeneymerrigan.com

**CERTIFICATE OF SERVICE**

I, Thomas T. Merrigan, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 18th day of November, 2019.

/s/ Thomas T. Merrigan
Thomas T. Merrigan, Esquire