UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CA. No. 3: 16-cv 40138

|  |  |
|---|---|
| JAMPA GONPO, | ) |
|       Plaintiff | ) |
| V. | ) |
| SONAM'S STONEWALLS & ART, LLC, et al. | ) |
|       Defendants | ) |

### Defendants' Proposed Jury Instruction

Defendants SONAM'S STONEWALLS & ART, LLC, d/b/a SONAM'S STONEWALLS AND ART and SONAM RINCHEN LAMA hereby request that Court instruct the jury on the law as set forth in the following written requests:

### State and Federal Wage Claims

In this case, Jampa Gonpo makes several claims against Sonam Lama and Sonam's Stonewalls and Arts, LLC arising from his employment by Sonam Lama and Sonam's Stonewalls and Arts, LLC.

He claims that Sonam Lama and Sonam's Stonewalls and Arts, LLC did not pay him the regular hourly wages required by the laws of the Commonwealth of Massachusetts.

He also claims that Sonam Lama and Sonam's Stonewalls and Arts, LLC did not pay him overtime wages as required by the Federal statute known as the Fair Labor Standards Act and as required by the laws of the Commonwealth of Massachusetts.

Using the Verdict Form that I will explain shortly, you will be asked to answer questions about these factual issues.

To succeed on his claims against Sonam Lama and Sonam's Stonewalls and Arts, LLC, Jampa Gonpo must prove each of the following facts by a preponderance of the believable evidence:

First: That Jampa Gonpo was an employee of Sonam Lama and Sonam's Stonewalls and Arts, LLC.

<u>Second</u>: Gonpo must prove that he was not compensated at his regular rate of pay for all hours worked in a work week.   It is agreed that Gonpo's rate of pay was $14 per hour.

A "workweek" is a period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business.

As you will see, there is an Appendix Table with the Verdict From.  If Gonpo meets his burden of proof, the Verdict Form will enable the jury to calculate the hours that Gonpo did not receive regular pay, and to enter the damages for unpaid regular hours.

<u>Third</u>: That Sonam Lama and Sonam's Stonewalls and Arts, LLC failed to pay Jampa Gonpo overtime pay required by law.

The law requires that an employer pay an employee one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. A "workweek" is a period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business.

If an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1½ times the regular rate for the time he worked after the first 40 hours. This is commonly known as "time-and-a-half pay" for overtime work.

If proved, you must calculate how much overtime pay Gonpo earned in a particular workweek, To do this, you multiply his regular rate of pay by one-and-one-half times the regular rate for any hours worked in excess 40 in that workweek.

Gonpo's regular hourly rate is the basis for calculating any overtime pay due to the employee. It is agreed by the parties that Gonpo's "regular rate" for a week was $14 per hour.

If Gonpo meets his burden of proof, the Appendix Table with the Verdict Form will enable the jury to calculate the hours that Gonpo did not receive overtime pay and to enter the damages for unpaid overtime hours.

<u>Fourth</u>:  On a related matter, I will instruct you concerning the employer's record keeping requirements under the law.

The law requires an employer to keep records of how many hours its employees work and the amounts they are paid.

In this case, Gonpo claims that Sonam Lama and Sonam's Stonewalls and Arts, LLC failed to keep and maintain adequate records of his work hours and pay.   Gonpo also claims that Sonam Lama and Sonam's Stonewalls and Arts, LLC's failure to keep and maintain adequate records has made it difficult for Gonpo to prove the exact amount of his claim.

Gonpo must prove from the believable evidence that Sonam Lama and Sonam's Stonewalls and Arts, LLC failed to keep and maintain adequate hours and pay records for Gonpo.

If you find that Sonam Lama and Sonam's Stonewalls and Arts, LLC failed to keep and maintain adequate hours and pay records for Gonpo, Gonpo may recover a reasonable estimation of his overtime pay damages.

But, to recover this amount, Gonpo must prove by a preponderance of believable evidence a reasonable estimate of the amount and extent of overtime work for which he seeks pay.

If you find in favor of plaintiff on his overtime wage claim, you must then determine whether defendant's failure to pay overtime was willful.

Defendant's failure to pay overtime was willful if it has been proved by Gonpo by a preponderance of believable evidence that defendants knew that its conduct was prohibited by the federal law regarding overtime pay, or that the defendants showed reckless disregard for whether its conduct was prohibited by the federal law regarding overtime pay.

To prove that Sonam Lama and Sonam's Stonewalls and Arts, LLC's conduct was in reckless disregard of the defendants' FLSA obligations regarding overtime pay, Gonpo must prove that the defendants' conduct showed carelessness, conduct that was much greater than ordinary negligence.

A person commits ordinary negligence if he or she fails to act as an ordinary reasonable person would act in the same or similar circumstances. On the other hand, the conduct of a person who acts recklessly shows much greater disregard of reasonable conduct than one who acts negligently.

Recklessness is a state of mind in which a person does not care about the consequences of his or her actions. Black's Law Dictionary.  Recklessness conduct is significantly greater than ordinary negligence.   *Hoffman v. Estabrook & Co., Inc.*, 587 F.2d 509, 516 (1st Cir. 1978) (A person acts with reckless disregard when his or her actions demonstrate "carelessness approaching indifference.")

                RESPECTFULLY SUBMITTED,

                THE DEFENDANTS:
                SONAM'S STONEWALLS & ART, LLC,
                d/b/a SONAM'S STONEWALLS AND ART,
                and SONAM RINCHEN LAMA,
                By Their Attorney,

November 18, 2019                */s/* Thomas T. Merrigan

Thomas T. Merrigan, Esq., BBO #343480
Sweeney Merrigan Law, LLP
393 Main Street
Greenfield, MA 01301
Phone (413) 774-5300
Fax (413) 773-3388
tom@sweeneymerrigan.com

## CERTIFICATE OF SERVICE

    I, Thomas T. Merrigan, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 18th day of November, 2019.

/s/ Thomas T. Merrigan
Thomas T. Merrigan, Esquire