**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

-------------------------------------------------------------------x
JAMPA GONPO,
*on behalf of himself and others similarly situated,*
         Plaintiff,    Case No: 16-cv-40138

      v.        **PRETRIAL MEMORANDUM**

SONAM'S STONEWALLS & ART, LLC
  d/b/a Sonam's Stonewalls and Art, and
SONAM RINCHEN LAMA,
         Defendants.
-------------------------------------------------------------------x

(1) Summary of the Evidence

 (A) To Be Offered by Plaintiff

  Jampa Gonpo will offer testimony as to how many hours he worked for Sonam's Stonewalls & Art LLC during the period September 7, 2013 through November 15, 2015, for how many hours he was paid, at what rates he was paid for those hours he was paid, and whether he received overtime. Jampa Gonpo will further testify as to the authenticity and contents of time and pay records kept by him during the course of his employment, and identify paystubs provided to him by Defendants.

 (B) To Be Offered by Defendants

 (C) To Be Offered by Other Parties

  Jamyang Gyatso will offer testimony as to how many hours Jampa Gonpo worked for Sonam's Stonewalls & Art LLC during the period September 7, 2013 through about December 22, 2013, and whether he received overtime.

  Dechen Tulku will offer testimony as to whether Jampa Gonpo received overtime.

  Tobden will offer testimony as to whether Jampa Gonpo received overtime.

  Plaintiff reserves the right to call witnesses on Defendants' list, rebuttal witnesses and other necessary witnesses.

(2) Facts Established by Pleadings and Stipulations

  Sonam's Stonewalls & Art, LLC is a business corporation organized under the laws of the State of Massachusetts with a principal address at 265 Greenfield Road, South Deerfield, MA 01373. Dkt. No. 97 ¶ 1.

Sonam's Stonewalls & Art, LLC is owned by Sonam Rinchen Lama. Dkt. No. 118 ¶ 2.

Jampa Gonpo was employed by Defendants to work as a stonemason/construction worker from on or about March 22, 2008 through November 15, 2015. Dkt. No. 97 ¶ 1.

Jampa Gonpo lived at 261 Greenfield Road between March 22, 2008 and on or about March 31, 2008. Dkt. No. 118 ¶ 4.

Stonemason work took place from mid-March to late December. Dkt. No. 118 ¶ 7.

Jampa Gonpo was paid a straight-time hourly rate for at least some of the hours he worked. Dkt. No. 118 ¶ 10.

Part of Jampa Gonpo's job duties was driving the company truck to and from worksites. Dkt. No. 118 ¶ 12.

Jampa Gonpo and Defendants did not have a written employment agreement; all dealings between them regarding Jampa Gonpo's employment were verbal. Dkt. No. 118 ¶ 17.

(3) Contested Issues of Fact

Jampa Gonpo's hours worked per week;

Jampa Gonpo's pay received, and the basis thereof;

Whether the hours worked listed on Jampa Gonpo's paystubs were accurate;

Whether Defendants kept employment records required by the FLSA;

Whether Defendants' conduct was willful;

Whether Defendants' conduct was in bad faith.

(4) Jurisdictional Questions

This court has subject-matter jurisdiction over Plaintiff's claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, pursuant to 28 U.S.C. § 1331, because these claims arise under the laws of the United States.

This court has supplemental jurisdiction over Plaintiffs' claims arising under the Massachusetts state law pursuant to 28 U.S.C. § 1367(a), because these claims are so related to Plaintiffs' claims arising under the FLSA respectively that they form part of the same case or controversy under Article III of the United States Constitution.

(5) Questions Raised by Pending Motions

    Defendants' Motion to Decertify is moot as no plaintiffs who are not time-barred have opted in.

    Defendants have moved *in limine*, and Plaintiff has responded.

(6) Questions Raised by Pending Motions

    *See* Defendants' Motions in Limine, and Plaintiff's response thereto.

(7) Requested Amendments to the Pleadings

    N/A

(8) Additional Matters

    Identification of Tibetan interpreters who have been used in or by the Court to facilitate the parties' obtaining of a mutually-acceptable Tibetan interpreter

(9) Probable length of trial

    Five days

(10)    Witnesses to be called

    *See* ¶¶ (1)(A) and (1)(C). Witnesses may be contacted c/o Troy Law, PLLC. No witness on Plaintiff's list shall testify by deposition.

(11)    Exhibits

    Sonam's Stonewalls & Art, LLC's quarterly tax returns for Q2 2014–Q4 2015

    Sonam Rinchen Lama's form 1040 Schedule Cs for profits and losses from sole proprietorships for 2013–2015

    Jampa Gonpo's handwritten time and pay records from September 7, 2013 through November 20, 2015

    Jampa Gonpo's paystubs from Sonam's Sonewalls & Art, LLC from September 7, 2013 through October 30, 2015

(12)    Objections

    Plaintiff objects to Defendants' proposed exhibits to the extent that they were not produced during discovery.

    Plaintiff objects to Defendants' proposed witnesses to the extent that they purport to offer immaterial or irrelevant testimony, or hearsay.

       Plaintiff reiterates his objections to Defendants' motions *in limine*.

(13)    Additional Statements Required by September 3, 2019 Order

  (B) Statement of the Case

  This is a civil case. The plaintiff in this case is Jampa Gonpo. The defendants in this case are Sonam's Stonewalls & Art, LLC, which operates a stonemason business under the name "Sonam's Stonewalls and Art," and Sonam Rinchen Lama. Plaintiff alleges that he worked for Defendants as a stonemason. He brings this case because he claims that he was not paid minimum wages and overtime as required by federal and Massachusetts law.

  The Defendants contend that they complied with the applicable laws, or at least tried in good faith to comply with the applicable laws, and that the Plaintiff was properly paid.

  (C) Statement of the Law

  Massachsetts law requires employers to pay employees their regular wages for all hours worked in a workweek.

  The federal Fair Labor Standards Act and Massachusetts law require employers to pay employees overtime for hours worked in excess of 40 in a workweek. The law requires employers to pay an overtime rate of 1½ times the regular hourly rate for overtime hours worked.

  The Fair Labor Standards Act and Massachusetts do not permit employers to benefit from providing employees lodging when the employer provides lodging to the employee primarily for the convenience of the employer.

  The Fair Labor Standards Act and Massachusetts law do not permit employers to withhold pay as payment for pre-employment loans made to employee, if such withholding brings the employee's pay below minimum wage.

  The provisions of the Fair Labor Standards Act and Massachusetts law regarding minimum wage, overtime, and deductions or withholdings from wages may not be set aside or modified by contract.

  (D) Identification of Evidentiary Issues Likely to Delay Trial

  Disputes as to any of the evidence Defendants refer to in their motions *in limine* are likely to delay trial.

  Disputes as to whether evidence of Plaintiff's immigration status and work authorization may be admitted are likely to delay trial.

                         Respectfully submitted,

Case 3:16-cv-40138-MGM   Document 138   Filed 11/18/19   Page 5 of 5

 /s/ Aaron Schweitzer
Aaron B. Schweitzer, Esq. (*pro hac vice*)
John Troy, Esq. (*pro hac vice*)
TROY LAW, PLLC
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: 718-762-1324

Rebecca G. Pontikes, Esq.
PONTIKES LAW, LLC
10 Tremont Street, 2nd Floor
Boston, MA 02108
Tel: 617-357-1888

*Attorneys for Plaintiff*