**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**
-------------------------------------------------------------------x
JAMPA GONPO,
*on behalf of himself and others similarly situated,*
                                        Plaintiff,        Case No: 16-cv-40138

                      v.

SONAM'S STONEWALLS & ART, LLC
       d/b/a Sonam's Stonewalls and Art, and
SONAM RINCHEN LAMA,
                              Defendants.
-------------------------------------------------------------------x

## JURY INSTRUCTIONS

## CONTENTS

I. INTRODUCTION ................................................................................................................3
II. GENERAL INSTRUCTIONS .............................................................................................3
    a. Role of the Court .............................................................................................................3
    b. Role of the Jury ...............................................................................................................3
    c. Role of the Advocates—Objections and Sidebars ..........................................................4
    d. Sympathy or Bias ............................................................................................................4
    e. Corporations ....................................................................................................................4
    f. What Is and Is Not Evidence ...........................................................................................4
    g. Direct and Circumstantial Evidence ................................................................................5
    h. Witness Credibility ..........................................................................................................6
    i. Interested Witnesses ........................................................................................................6
    j. Preparation of Witnesses .................................................................................................7
    k. Translations .....................................................................................................................7
    l. All Available Evidence Need Not Be Produced .............................................................7
    m. Impeachment ...................................................................................................................7
    n. Discrepancies ..................................................................................................................8
    o. Burden of Proof ...............................................................................................................8
    p. Multiple Parties ...............................................................................................................9
III. SUBSTANTIVE INSTRUCTIONS ....................................................................................9
    a. Duration of Plaintiff's Employment ................................................................................9
    b. Applicability of Federal Law ........................................................................................10
    c. Minimum Wage ............................................................................................................10
        **1. Hours Worked** ........................................................................................................11
        **2. Wages Paid Per Hour Compensated** ...................................................................12
        **3. Hours Compensated** .............................................................................................12
        **4. Conclusion** ............................................................................................................13
    d. Overtime Pay ................................................................................................................13
    e. Good Faith ....................................................................................................................14
IV. FINAL INSTRUCTIONS ..................................................................................................14
    a. Right to Hear Testimony; Communications with Court ...............................................14
    b. Duty to Deliberate—Unanimous Verdict .....................................................................15
    c. Selecting a Foreperson and the Foreperson's Duties ....................................................15
    d. Verdict Forms and Return of Verdict ...........................................................................15
    e. Final Instructions ..........................................................................................................16

**I.     INTRODUCTION**

Members of the jury, you have now heard all of the evidence.  I am now going to instruct you about the law that governs the case.  There are three parts to these instructions:

**First**, I will provide you with some general instructions about your role and about how you are to decide the facts of the case.  These instructions would apply to just about any trial.

**Second**, I will give some specific instructions about the legal rules applicable to this particular case.

**Third**, I will give you instructions on the general rules governing your deliberations.

I have provided each of you a copy of this charge.  If you find it easier to listen and understand while you are following along with me, please do so. If you would prefer, you can just listen and not follow along. Either way, you will have a copy of the charge with you in the jury room so you can consult it if you want to re-read any portion of the charge to facilitate your deliberations. For now, listen carefully and try to concentrate on the substance of what I'm saying. You will also have with you in the jury room two verdict forms, one for each Plaintiff, on which to record your verdicts.  Those forms will list the questions that you should consider, in the order that you should consider them, for each Plaintiff's claims.

**II.    GENERAL INSTRUCTIONS**

  **a.    Role of the Court**

It is my duty to instruct you on the law, just as it has been my duty to preside over the trial.  It is your duty to accept my instructions on the law and to apply them to the facts as you find them.

On legal matters, you must take the law as I give it to you.  You may not substitute your own notions or opinions of what the law is or ought to be.  You should not be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be—or should be—it would violate your sworn duty as a juror to base a verdict upon any other view of the law than that which I give you.

If either of the parties has stated a legal principle different from any that I give to you, you must follow my instructions.  You should not single out any particular instruction but should consider the instructions as a whole as you deliberate.

You are not to infer from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or any view about how you should decide the case.  Any questions I may have asked were designed to make sure that the testimony was clear and to avoid confusion.  I have no opinion as to the verdict you should render in this case.

  **b.    Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts.  You determine

3

the credibility of the witnesses. You resolve any conflicts that may exist in the evidence. You draw whatever reasonable inferences you decide to draw from the facts as you find them, and you determine the weight to give the various pieces of evidence.

You must, however, base your discussions and decisions solely on the evidence presented to you during the trial. You may not consider or speculate on matters not in evidence or matters outside the case. You are reminded that you took an oath to render judgement impartially and fairly, without prejudice or sympathy or fear, solely upon the evidence in the case and the applicable law. I know you will do this and reach a just and true verdict.

### c.  Role of the Advocates—Objections and Sidebars

As I told you at the outset of the case, it is the duty of the parties to object when the other side offers testimony or evidence that the party believes is not properly admissible. Therefore, you should draw no inference if a party objected to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

### d.  Sympathy or Bias

You are required to evaluate the evidence objectively, and you must be completely fair and impartial. Your verdict must be based solely on the evidence introduced at this trial, or the lack of evidence. The parties in this case are entitled to a trial free from prejudice or bias for or against either side. Our judicial system only works if you reach your verdict through a fair and impartial consideration of the evidence.

In deciding the facts of the case, it would be improper for you to consider any personal feelings you may have about any party, witness, attorney or any other such irrelevant factor. This case must be decided by you as an action between parties of equal standing in the community and of equal worth. All parties are entitled to the same fair trial, are equal under the law, and are entitled to a just verdict.

### e.  Corporations

In this case, two of the Defendants are corporations. The mere fact that they are corporations does not mean that they are entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

### f.  What Is and Is Not Evidence

I want to take a moment to describe to you what is and is not evidence. As I have said, you may rely only on evidence in your deliberations. The evidence in this case is the sworn testimony of the witnesses, the exhibits that were received in evidence, and any facts to which the parties have stipulated or agreed. Other things are <u>not</u> evidence.

> 1.  A question put to a witness—whether asked by a lawyer or by me—is never evidence. It is the answer to the question that is evidence. One exception to this is that you may not consider any answer that I directed you to disregard or that I ordered to be stricken

from the record.  You are not to consider such answers.

  2. Arguments that the parties have made are not evidence.  What they said in their opening statements and in their summations was intended to help you understand the evidence and to reach a verdict.  If your recollection of the facts heard from any witnesses or included in exhibits admitted into evidence differs from the parties' arguments, it is your recollection that controls.

  3. Statements that I may have made concerning the evidence do not constitute evidence.

  4. Testimony that has been stricken or excluded is not evidence, and it may not be considered by you in rendering your verdict.

  5. Anything you may have seen or heard outside the courtroom is not evidence.

Now, I will discuss what <u>is</u> evidence. Evidence may come in several forms:

  1. The sworn testimony of witnesses, regardless of who called the witness, on both direct and cross-examination, is evidence

  2. The exhibits that were admitted during the trial are evidence.

  3. Stipulations of fact are evidence.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true. It is for you, however, to determine the effect to be given to any stipulated fact.

**g. Direct and Circumstantial Evidence**

As we discussed at the outset of this case, generally, there are two types of evidence that you may consider in reaching your verdict—direct and circumstantial.

Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses—something he or she has done, seen, felt, touched or heard. For example, if a witness testified that on the day in question she was in her office and she could see that it was raining all day, that would be direct evidence about the weather on that day.

Circumstantial evidence is evidence of one fact from which you may infer the existence of other facts. For example, suppose that a witness testified that his office does not have a window. On the day in question, however, he saw numerous people coming into the office with wet raincoats and carrying dripping umbrellas. That testimony about the wet raincoats and dripping umbrellas is circumstantial evidence that it was raining that day. So even though you have no direct evidence regarding the weather, you have circumstantial evidence that it was raining that day.

With circumstantial evidence, you must be careful to draw reasonable inferences that reflect all of the evidence. For example, if you live in the city and wake up in the morning and see that the sidewalk is wet but the street is dry, it is not reasonable to infer that it rained last night. Instead, a more reasonable inference is that the building staff has hosed down the sidewalk.

5

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one fact (in my first example, wet raincoats and dripping umbrellas) the existence or non-existence of some other fact (in that case, rainy weather). When circumstantial evidence is presented, it is of no less value than direct evidence.

### h. Witness Credibility

You have had the opportunity to observe the witnesses. You are the sole judges of the credibility of each witness and of the importance of his or her testimony. You decide what testimony to believe and what not to believe. Consider each witness's demeanor and manner of testifying; the witness's opportunity to see, hear and know about the events described; the witness's ability to recall and describe those things; and the reasonableness of the testimony in light of all the other evidence in the case. Consider whether part of a witness's testimony was contradicted or supported by other evidence, by what the witness said or did on a prior occasion, or by the testimony of other witnesses or by other evidence. Consider whether the witness had an opportunity to observe the facts he testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor-that is, his behavior, bearing manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining manners of importance in your day to day life. You should consider any bias or hostility the witness may have shown for and against any party as well as any interest the witness has in the outcome of the case.

If you find that a witness has willfully testified falsely as to an important matter, you may disregard the witness's entire testimony, or you may accept as much of the testimony as you find to be true and disregard what you find to be false. A witness may have been mistaken or may have lied in part of her testimony while having been accurate and truthful in other parts.

Going back to witnesses generally, what you must try to do in deciding credibility is to size up a person just as you would in any important matter in your own life when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

### i. Interested Witnesses

In deciding whether to believe a witness, you should take into account any evidence that shows that the witness may benefit in some way from the outcome of the case, such as a legal, financial or personal interest. Any such witness is called an "interested witness." As parties to this case who testified on their own behalf, Defendants and Plaintiff are interested witnesses.

You should specifically note any evidence of hostility or affection that the witness may have for or against either of the parties. You should also consider any other interest or motive that

6

the witness may have in helping a particular party. If you find that a witness is biased, you should view their testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

### j.  Preparation of Witnesses

You may have heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court. Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion

### k.  Translations

During this trial, the witnesses may have testified in Tibetan with the assistance of an interpreter.  You are to consider only that evidence that was provided through the official interpreter. Although some of you may speak Tibetan, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation and disregard any different meaning.

### l.  All Available Evidence Need Not Be Produced

The law does not require a party to call as witnesses all persons who may have been involved in the case or who may appear to have some knowledge of the matters at issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned during the case.

Each party has had an equal opportunity or lack of opportunity to call any witness. Therefore, you should not draw any inference or reach any conclusions as to what any uncalled witnesses would have said if the witness had been called.  The absence of any witness should not affect your judgment in any way.

### m.  Impeachment

Evidence of a prior inconsistent statement in a document or deposition testimony may not be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was introduced for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted herself and may be used to assess the credibility of a witness.  If you find that the witness made an earlier written or sworn statement that conflicts with her trial testimony, you may consider that fact in deciding how much of that witness's trial testimony, if any, to believe.

### n. Discrepancies

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

### o. Burden of Proof

Each Plaintiff has the burden of proving all the elements of his claims by a preponderance of the evidence, unless I specifically instruct you otherwise.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents.  In determining whether a claim has been proven by a preponderance of the evidence, you should consider the testimony of all witnesses, regardless of who called them.

If, after considering all of the evidence, you are satisfied that a Plaintiff has carried his burden on each essential element of his claim, then you must find in that Plaintiff's favor.  If, after such consideration, you find that the evidence in favor of a Plaintiff is outweighed by the evidence against that Plaintiff's position, or that the credible evidence on a given issue is equally divided between the parties—that it is as equally probable that one side is right as it is that the other side is right—then you must decide that issue against that Plaintiff.  Because each Plaintiff has the burden of proof, they must do more than simply produce evidence that is equal to the evidence on the other side. In order to satisfy his burden, he must prove each element of his claims by a preponderance of the evidence. On the other hand, the Plaintiff need prove no more than a preponderance. So, if you find that the scales tip, however slightly, in favor of a Plaintiff—that what he claims is more likely true than not, even by just a little when compared to the Defendant's case—then that element of that Plaintiff's claim will have been proven by a preponderance of the evidence.

In some limited circumstances, as you will hear me describe later, the Defendants bear the burden of proof.  Where the Defendants bear the burden of proof with respect to any matter, they too must prove that matter by a preponderance of the evidence.

### p.      Multiple Parties

In reaching a verdict you must bear in mind that each Defendant is to be considered separately based solely on the evidence, or lack of evidence, presented against that Defendant without regard to the liability of the other Defendants. Similarly, in reaching a verdict you must bear in mind that each Plaintiff's claims are to be to be considered separately solely on the evidence, or lack of evidence, presented in support of those claims.

## III.    SUBSTANTIVE INSTRUCTIONS

With those general instructions in mind, let us turn to the substantive law to be applied in this case. The Plaintiff brings this action under the United States Fair Labor Standards Act, otherwise known as the "FLSA," and the Massachusetts Wage and Hour Law. The FLSA and the Massachusetts Wage and Hour Law are similar in many respects, so I will discuss these laws separately only when the differences between them are relevant to the findings you must make.

The Plaintiff has brought two categories of claims, each of which I will now briefly summarize for you. Later I will explain the law as to each claim in depth.

First, the Plaintiff contends that the Defendants violated the FLSA and the Massachusetts Wage and Hour Law by failing to pay them the applicable minimum wage for each hour they worked. I will refer to those claims as the "Minimum-Wage Claims." Second, the Plaintiff contends that the Defendants violated the FLSA and the Massachusetts Wage and Hour Law by failing to pay him overtime at one and one-half (1.5) times his regular hourly pay for hours worked in excess of forty in a single week. I will refer to those claims as the "Overtime Claims."

The Defendants deny these claims made by the Plaintiff, and contend that they acted in good faith at all times with respect to payments of Plaintiff's wages.

In reaching a verdict, you must bear in mind that the Plaintiff bears the burden of proving each essential element of each of his claims by a preponderance of the evidence, unless I instruct you otherwise. To meet that burden, the Plaintiff may rely on all of the evidence received at trial, regardless of which side presented it.

You have each been given verdict forms with questions you must answer regarding each of Plaintiff's claims. I will review these questions with you as I read this charge to you.

### a.      Duration of Plaintiff's Employment

The parties dispute the period during which Plaintiff was employed by the Defendants. It is the Plaintiff's burden to prove by a preponderance of the evidence when he was employed by the Defendants, and it is up to you to decide this factual issue.

As I just told you, to meet that burden, the Plaintiff may rely on all of the evidence received at trial, regardless of which side presented it. However, if you find that the Defendants did not keep or maintain accurate records of Plaintiff's dates of employment, then the Plaintiff can meet his burden as to that Defendant by presenting sufficient evidence to show his dates of employment as a matter of just and reasonable inference. He may meet this burden by relying on his recollection

9

alone. The law does not require him to recall exact dates. You should find that he met his burden of proof as to the period of his employment if you find his testimony is credible and provides a basis for a reasonable approximation of the period during which he was employed.

If you find that Plaintiff has met that burden, then the Defendants have the burden to show either the period that the Plaintiff worked, or that the Plaintiff's approximation of the period he worked is unreasonable. Accordingly, if you find that a Defendant does not have evidence of the dates of Plaintiff's employment, it becomes the Defendant's burden to produce evidence to negate the Plaintiff's recollection of the period of his employment. If you find the Defendant has met its burden of proving Plaintiff's approximation is unreasonable, then you may find he worked the period that the Defendant claims. If, however, you find the Defendant did not meet its burden then you should approximate the period of time based on the Plaintiff's testimony alone.

Ultimately, it is up to you to draw a reasonable conclusion as to the period during which Plaintiff was employed. Questions 1 and 2 in Issue I of your verdict forms ask you to state whether Plaintiff was employed by Defendants and the dates of Plaintiff's employment by the Defendants.

### b.   Applicability of Federal Law

In order for the Plaintiff to prevail on his claims arising under the FLSA, Plaintiff must prove by a preponderance of the evidence two facts:

<u>First,</u> that he was employed by an enterprise engaged in commerce or in the production of goods for commerce; and

<u>Second</u>, the enterprise had annual gross sales of at least $500,000.00.

With respect to the first prong, the term "in commerce" has a broad meaning, and includes any enterprise engaged in trade, transportation, transmission, or communication between any place within one state and any place outside that state. The term "enterprise engaged in the production of goods for commerce" means an enterprise involved in producing, manufacturing, mining, handling, or transporting goods for commerce.

Question 3 in Issue II of your verdict forms asks you to determine whether the Plaintiff you are considering was employed by an enterprise engaged in commerce or in the production of goods for commerce while he was employed by each Defendant.

### c.   Minimum Wage

In his Minimum Wage claims, the Plaintiff claims that he was not paid the minimum wage for each hour of work required under the FLSA and the Massachusetts Wage and Hour Law. To sustain his burden of proof with respect to these claims, the Plaintiff must prove by a preponderance of the evidence that the Defendants paid the Plaintiff less than the required minimum wage for hours that they worked.

The applicable minimum wage rates under the FLSA and the Massachusetts Wage and Hour Law for the time are not the same. However, as the applicable minimum wage under the Massachusetts Wage and Hour Law is higher than the federal minimum wage, and the Plaintiff

cannot recover twice for the same minimum wage violations under both federal and state law, you will be applying the applicable minimum wage rate under the Massachusetts Wage and Hour Law.

Under the Massachusetts Wage and Hour Law, the applicable minimum wage varied from year to year, as follows:

In 2013 and 2014, until December 31, 2014, the applicable minimum wage was $8.00 per hour;

From January 1, 2015 through the end of 2015, the applicable minimum wage was $9.00 per hour.

### 1.     **Hours Worked**

In order to determine whether Plaintiff was paid the minimum wage, you must first determine how many hours the Plaintiff worked. An employee is considered to be working for purposes of these claims whenever he exerts herself, mentally or physically, for tasks controlled or required by the employer and performs these tasks primarily for the benefit of the employer.

You must decide how many hours the Plaintiff worked each week of his employment. To do that, you must determine how many hours Plaintiff worked each day and how many days Plaintiff worked each week. The number of hours an employee works in a day is determined under what is called the "continuous workday" rule. Under that rule, the workday begins when the employee begins to engage in work and continues until the completion of his work. It includes all of the time within that period whether or not the employee is engaged in work throughout the entire period.

There is, however, an exception to this rule for meal periods and for periods longer than thirty minutes if the employee is completely relieved from duty. I will refer to those periods as non-compensable breaks because those periods are not compensable work time. It is the Defendants' burden to prove that a break was a non-compensable break. The Defendants must do so by a preponderance of the evidence. A non-compensable break must last at least thirty minutes. In contrast, short periods away from work, commonly known as break periods or coffee breaks, are compensable work time. To qualify as a non-compensable break, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during the period at issue the employee's time and attention are primarily occupied by private or personal pursuits, such as relaxing and eating, then the employee is relieved from duty. On the other hand, if during the periods at issue the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably spending the break, then the employee has not been relieved from duty. Whether the time was spent predominantly for the employer's or employee's benefit depends on all the facts and circumstances of the case. In order to determine the number of hours worked, you must determine whether the Defendants have demonstrated Plaintiff took non-compensable breaks. If a Plaintiff did take non-compensable breaks, then the length of those breaks must be taken into account when determining the number of hours Plaintiff worked.

With respect to this issue, as with the period of Plaintiff's employment, the Plaintiff may rely on all the evidence received at trial, regardless of which side presented it. However, if you find that a Defendant did not keep and maintain required employment records then Plaintiff can

11

meet his burden by presenting sufficient evidence to show the hours he worked as a matter of just and reasonable inference. He may meet his burden by relying on his recollection alone. The law does not require him to recall exact dates or exact hours. You should find that he met his burden of proof as to the length of shifts if you find his testimony to be credible and provides a basis for a reasonable approximation of the total number of hours he worked.

If you find that Plaintiff has met that burden, then the Defendant at issue has the burden to show either the precise hours that Plaintiff worked or that his approximation of hours worked is unreasonable. If you find the Defendants have met their burden of proving Plaintiff's approximation is unreasonable, then you may find he worked the period the Defendants claim. If, however, you find the Defendants did not meet their burden then you should approximate the period of time based on the applicable Plaintiff's testimony alone.

Ultimately, it is up to you to draw a reasonable conclusion as to the number of hours Plaintiff worked per week Plaintiff worked, and enter that information in response to Question 4, in Issue III of your verdict forms.

### 2. Wages Paid Per Hour Compensated

After determining how many hours Plaintiff worked, the next issue you must determine is how much the Plaintiff was paid per hour—which I will refer to as his "Regular Rate of Pay."

Again, as with duration of employment and hours worked, you may consider all the evidence including testimony and employment records when determining Plaintiff's Regular Rate of Pay. However, if you find that Defendants did not keep and maintain required pay records, then Plaintiff can meet his burden by presenting sufficient evidence to show his rate of pay, as a matter of just and reasonable inference. A Plaintiff could then satisfy his burden of proof by presenting sufficient evidence to generate a reasonable inference as to what he was actually paid. That means he may rely on his own testimony regarding his recollection of what he was paid. You should find he met his burden of proof if you find his testimony is credible and provides a basis for a reasonable approximation of the wages he was paid. If you find that a Plaintiff has satisfied this burden, then the Defendants have the burden to show that the inferences drawn from Plaintiff's testimony are unreasonable.

The rate at which Plaintiff was paid per hour is his Regular Rate of Pay.

Once you have calculated a Plaintiff's Regular Rate of pay, enter it response to Question 5 in Issue III of your verdict form.

### 3. Hours Compensated

After determining how many hours Plaintiff worked and what his Regular Rate of Pay was, the next issue you must determine is for how many hours each week Plaintiff received his Regular Rate of Pay.

Plaintiff has alleged that while he was paid for some of the hours he worked, he was not paid for other hours he worked. Again, as with duration of employment and hours worked, you may consider all the evidence including testimony and employment records when determining the

12

number of hours each week for which Plaintiff was compensated at his Regular Rate of Pay. However, if you find that Defendants did not keep and maintain required pay records, then Plaintiff can meet his burden by presenting sufficient evidence to show the hours he for which he was paid, as a matter of just and reasonable inference. A Plaintiff could then satisfy his burden of proof by presenting sufficient evidence to generate a reasonable inference as to for what hours he was actually paid.  That means he may rely on his own testimony regarding his recollection of for what hours he was paid. You should find he met his burden of proof if you find his testimony is credible and provides a basis for a reasonable approximation of hours for which he was paid.  If you find that a Plaintiff has satisfied this burden, then the Defendants have the burden to show that the inferences drawn from Plaintiff's testimony are unreasonable.

Ultimately, it is up to you to draw a reasonable conclusion as to the number of hours for which Plaintiff was paid per week Plaintiff worked, and enter that information in response to Question 6, in Issue III of your verdict forms.

### 4. Conclusion

You now have almost all the information you need to determine whether the Plaintiff was paid the required minimum wage.

Record whether the Defendants paid Plaintiff the minimum wage in response to Question 7 in Issue III of your verdict form.  If number of hours for which Plaintiff was compensated is less than the number of hours he worked in a week, he was <u>not</u> paid at least minimum wage.

### d. Overtime Pay

To prevail on an overtime claim, Plaintiff must prove by a preponderance of the evidence that Defendants failed to pay Plaintiff overtime when appropriate.

A Plaintiff is entitled to overtime pay if he worked more than 40 hours in a week.  Because the parties dispute whether the Plaintiff worked in excess of 40 hours in a single week, you must determine how many hours each Plaintiff worked per week—which you will have already determined and recorded in response to Question 4 on your verdict forms. You will consider the issue of overtime only if you determined that Plaintiff worked more than 40 hours in a given week.  If you find a Plaintiff never worked more than 40 hours in a given week for a Defendant, then indicate "no" in response to Question 8 Issue IV of your verdict forms.

A Plaintiff is entitled to overtime pay for the hours he worked in excess of forty in any given workweek.  A workweek is defined as any period of 168 consecutive hours—which is typically, but need not be, seven consecutive days. An employee must be paid at a rate of at least one and one-half (1.5) times either the employee's Regular Rate of Pay or the statutory minimum wage, whichever is greater, for all overtime hours. We discussed how to calculate a Plaintiff's Regular Rate of Pay earlier, and you will have recorded that information in Question 5 in Issue III of your Verdict Form.  If you find that a Plaintiff's Regular Rate of Pay exceeds the applicable minimum wage, then you would determine his overtime rate by multiplying his Regular Rate of Pay by 1.5, which increases it by 50%.

If, however, you find that a Plaintiff's Regular Rate of Pay is less than or equal to the

13

applicable minimum wage, then his overtime rate is determined by the applicable minimum wage rate, not by his Regular Rate.

Under the Massachusetts Wage and Hour Law, the applicable minimum wage varied from year to year, as follows:

In 2013 and 2014, until December 31, 2014, the applicable minimum wage was $8.00 per hour;

From January 1, 2015 through the end of 2015, the applicable minimum wage was $9.00 per hour.

The questions in Issue IV on your verdict sheet ask you to determine how many overtime hours, if any, a Plaintiff worked for the corporate Defendant per week, and whether that Plaintiff was properly paid for his overtime.

### e. Good Faith

If you found that the Defendants failed to pay Plaintiff the applicable minimum wage, or failed to pay Plaintiff overtime pay, according to the law as I have previously described it to you, then you will then need to determine whether the Defendants acted in good faith. That is because the law may lessen the Defendants' liability if they acted in good faith. I will now instruct you on how to determine if the Defendants acted in good faith.

To act in good faith is to act with objectively reasonable grounds for believing that the acts or omissions at issue did not violate the law. It is the Defendants' burden to establish good faith. It is not enough for the Defendants to claim that they did not know that its acts or omissions violated the law. To establish good faith, the Defendants must prove that they took active steps to ascertain the dictates of the law, and that it then took action to comply with the law, as they understood it.

The questions in Issue V on your verdict form ask you whether, to the extent you have determined that the Defendants violated the law as I have described it to you, they nonetheless acted in in good faith.

## IV. FINAL INSTRUCTIONS

### a. Right to Hear Testimony; Communications with Court

You are about to begin your deliberations. If during your deliberations you want any of the testimony read back to you, you may request that. Any communication with the Court must be in writing, signed by your foreperson, and given to the marshal, who will be outside the door. Please indicate the date and time of any note that you send to the Court. Please remember that it is not always easy to locate what you might want, so please be as specific as possible when you request portions of the testimony to be read. If you want any further explanation of the law, you may also request that. If there is any question about the meaning of any part of the instructions that I have given you during this trial, you should not hesitate to send me a note asking for clarification.

It is very important that you not communicate with anyone outside the jury room about your

deliberations or about anything touching this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you should send a note to me, in writing, signed by your foreperson, and give it to one of the marshals or to my deputy. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with a member of the jury on any subject touching on the merits of the case other than in writing, or orally here in open court. If you send any notes to the Court, do not disclose anything about your deliberations. Specifically, do not disclose to anyone—not even to me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

### b.     Duty to Deliberate—Unanimous Verdict

Your verdict must be unanimous. Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors. This is the very essence of jury deliberation. It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourself, but you should do so only after consideration of the case with your fellow jurors.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations. You should all listen to one another with courtesy and respect.

If, after stating your own view, and if after listening to your fellow jurors, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your honest convictions and beliefs concerning the weight or effect of the evidence solely because of the opinions of your fellow jurors or because you are outnumbered or for the mere purpose of returning a verdict. Your final vote must reflect your conscientious belief as to how the issues should be decided. Your verdict must be unanimous however you should not be coerced to make it unanimous.

### c.     Selecting a Foreperson and the Foreperson's Duties

The first thing you should do when you retire to deliberate is to select one of you to act as your foreperson. Traditionally Juror #1 is the foreperson, but that is only tradition. You are free to select any of your members as your foreperson. If you cannot or prefer not to name a foreperson, Juror #1 will serve as the foreperson by default.

### d.     Verdict Forms and Return of Verdict

Once you have reached your verdict, you will record your decisions on verdict forms that I have prepared for you. Please note that there are two verdict forms, one for each Plaintiff. As you will see, each of the verdict forms contains a set of questions. The purpose of the questions is to help us—the Court and the parties—understand what your findings are. You should draw no inference from the way the questions are worded as to what the answer should be. The questions are not to be taken as any indication that I have any opinion as to how they should be answered.

Before the jury attempts to answer any question, you should read the entire set of questions

and make sure that everybody understands each question. Before you answer the questions, you should deliberate in the jury room and discuss the evidence that relates to the questions you must answer. When you have considered the questions thoroughly, and the evidence that relates to those questions, the foreperson should record your answers and the date on the official form. You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed.

After you have reached a verdict, the foreperson should fill in the each of the verdict forms, sign and date them, and then give a note to the marshal outside your door stating that you have reached a verdict. Do not specify what the verdict is in your note.

### e. Final Instructions

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say it: You should treat each other with courtesy and respect during your deliberations. All litigants stand equal in this room. All litigants stand equal before the bar of justice. All litigants stand equal before you. Your duty is to decide between these parties fairly and impartially, and to see that justice is done. Under your oath as jurors, you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

Members of the jury, that concludes my instructions to you. I ask your patience for a few moments longer. It is necessary for me to spend a few moments with the parties and the court reporter at the side bar. I will ask you to remain patiently in the jury box, without speaking to each other because the case has not yet been formally submitted to you, and we will return in just a moment to submit the case to you. Thank you.

* * *

The Marshal will now be sworn. Members of the jury, you may now retire to deliberate.