UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


filed in
open court
12/23/2019
(B)

JAMPA GONPO, individually and on behalf of others similarly situated,

    Plaintiff,

v.

SONAM'S STONEWALLS & ART, LLC d/b/a SONAM'S STONEWALLS AND ART and SONAM RINCHEN LAMA,

    Defendants.

Civil Action No. 16-40138-MGM

## Defendants' Objections to Special Verdict Form

### Objection #1

At the charge conference, defendants objected to the word "completely" on the Special Verdict From, Question 4:

> "Did the Defendants **completely** rebut Plaintiff's evidence regarding the amount and extent of work?" (Emphasis added)

Following discussion, the Court overruled defendants' objections, apparently agreeing with plaintiff's counsel's argument that the word "completely" is in keeping with the *Mt. Clemens* decision.

The defendants submit that use of the word "completely" puts an absolute burden on the defendants that is not supported by *Mt. Clemens* or other decisions.[1] Further, the First Circuit has used language to suggest that use of the word "completely" would erroneously and prejudicially penalize the defendants. "Where the employer has failed to keep adequate

---

[1] *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

1

employment records, it pays for that failure at trial by bearing the *lion's share of the burden of proof.*" *Secretary of Labor v. DeSisto*, 929 F.2d 789, 792 (1st Cir. 1991). [2] (Emphasis added). Likewise, Judge Hillman, in his analysis in *St. Pierre v. CVS Pharmacy, Inc.*, 265 F.Supp.3d 131, 140 (D. Mass. 2017), concluded, "If an employer then fails to rebut with precise data, <u>or otherwise negate the reasonableness of the inference</u>, a court can award damages, 'even though the result be only approximate,' " citing *Mt. Clemens at* 688. (Emphasis added).[3]

The defendants respectfully submit that use of the word "completely" illegally creates (or comes very close to imposing) a strict liability standard, i.e., negating plaintiff's continuing burden to prove hours by estimation, and to prove reasonableness. *St. Pierre v. CVS Pharmacy, Inc.* Defendants respectfully submit that using the word "completely" is erroneous and prejudicial as a matter of law.

**Objection #2**

The Special Verdict Form leads with the question:

1. Did the Plaintiff prove by a preponderance of the evidence that Defendants **Sonam Rinchen Lama** and **Sonam's Stonewalls & Art LLC** did not keep and preserve accurate records of the dates and hours of Plaintiff's employment?

Special question # 1 is not a liability question. Defendants respectfully submit that putting this special question first is incorrect, and it is legally prejudicial. Generically, burden shifting is "a federal procedural device." *Carmack v. Virginia*, 2019 WL 4120410, at *15 (W. D. Va., 2019) (referencing *McDonnell Douglas*). *Mt. Clemens* calls for "courts apply a burden shifting

---

[2] Idiomatically, the "lion's share" refers to a larger or major share.

[3] *Secretary of Labor v. DeSisto* and *St. Pierre v. CVS Pharmacy, Inc.* are among the cases cited in the Court's jury instructions.

2

analysis to apportion damages." *Acosta v. Central Laundry, Inc.*, 2019 WL 3413514, at *11 (E. D. Pa., 2019) (addressing FLSA violations).

Here, it is not necessary for jurors to reach the *Mt. Clemens* question *unless and until* they first decide adversely to the defendants on the primary liability questions of non-payment of regular wages or non-payment of overtime wages. If jurors answer both of these threshold liability questions with "no", then the *Mt. Clemens* question is superfluous and never reached.

Inverting the sequencing of the special questions as the Court has done here will not be harmless. Such ordering of the special questions creates a likelihood that will cause the jurors to make adverse factual findings against the defendants prematurely, and thus prejudicially taint the jurors' disposition on the ensuing wage payment questions. This arrangement subtly, although not insignificantly, implies that if the jurors find faulty record keeping, such record keeping carries inferences on the following wage liability questions. Defendants respectfully submits that encouraging such reasoning is improper and is to be avoided.

The defendants respectfully move that the order of questions on the Special Verdict Form be revised, and that the questions ask: (1) did the plaintiff prove non-payment of regular wages; or (2) did the plaintiff prove non-payment of overtime wages. If jurors answer "yes" to either (1) or (2), the next question is (3): "did the Plaintiff prove by a preponderance of the evidence that Defendants Sonam Rinchen Lama and Sonam's Stonewalls & Art LLC did not keep and preserve accurate records of the dates and hours of Plaintiff's employment?"

By starting the jury on a non-liability (and perhaps protracted) discussion that may likely lead (on this record) to an adverse finding against the defendants *that is secondary to wage liability*, the defendants will be prejudiced. Equally harmful to the defendants will be the substantial likelihood that jurors will wrongly influenced with an impression that if they <u>first</u>

3

conclude that the defendants' records are inadequate then he has failed to pay regular or overtime wages. Even if the defendants' records are inadequate, that has nothing to do with whether the plaintiff proves the factually distinct, independent and autonomous questions of whether the defendants are guilty of non-payment of regular or overtime wages.

                                          Respectfully submitted:

                                          THE DEFENDANTS:
                                          SONAM'S STONEWALLS & ART, LLC,
                                          d/b/a SONAM'S STONEWALLS AND ART;
                                          and SONAM RINCHEN LAMA,
                                          By Their Attorney,

December 23, 2019                    /s/ Thomas T. Merrigan
                                          Thomas T. Merrigan, Esq., BBO 343480
                                          Sweeney Merrigan Law, LLP
                                          393 Main Street
                                          Greenfield, MA 01301
                                          Phone (413) 774-5300
                                          Fax (413) 773-3388