UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
-------------------------------------------------------------------x
JAMPA GONPO,
*on behalf of himself and others similarly situated,*
                          Plaintiff,         Case No: 16-cv-40138

                v.

SONAM'S STONEWALLS & ART, LLC
    d/b/a Sonam's Stonewalls and Art, and
SONAM RINCHEN LAMA,
                          Defendants.

-------------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AWARD OF DAMAGES, TREBLE DAMAGES, PREJUDGMENT INTEREST, <u>ATTORNEYS' FEES, AND COSTS</u>**


                                      Aaron B. Schweitzer
                                      Troy Law, PLLC
                                      41-25 Kissena Boulevard
                                      Suite 103
                                      Flushing, NY 11355
                                      Tel: (718) 762-1324
                                      troylaw@troypllc.com
                                      *Attorneys for Plaintiffs*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................... ii

**PRELIMINARY STATEMENT** ............................................................................................. 1

**STATEMENT OF FACTS** ...................................................................................................... 1

**ARGUMENT** ............................................................................................................................. 1

    **I. DAMAGES** .................................................................................................................. 1

        A. PLAINTIFF IS ENTITLED TO DAMAGES UNDER THE MASSACHUSETTS WAGE AND HOUR LAW ........................................................................................................... 1

        B. COMPENSATORY DAMAGES ................................................................................ 5

        C. TREBLE DAMAGES ................................................................................................ 6

        D. PREJUDGMENT INTEREST .................................................................................... 6

    **II. ATTORNEYS' FEES AND COSTS** ........................................................................ 8

        A. REASONABLE HOURLY RATES ............................................................................ 9

        B. REASONABLE HOURS EXPENDED ..................................................................... 10

        C. COMPENSABLE COSTS ........................................................................................ 11

**CONCLUSION** ........................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509 (S.D.N.Y. 2011) ..................................... 12

*Berman v. Linnane*, 434 Mass. 301 (2001) ................................................................................... 9

*Blockel v. J. C. Penney Co.*, 337 F.3d 17 (1st Cir. 2003) ............................................................... 6

*Carpaneda v. Domino's Pizza, Inc.*, 89 F. Supp. 3d 219 (D. Mass. 2015) .................................... 8

*Carroca v. All Star Enters.*, No. 12-cv-11202 (DJC), 2013 U.S. LEXIS 96913 (D. Mass. July 10, 2013) ........................................................................................................................... 5, 6

*Chavira v. OS Rest. Servs., LLC*, No. 18-cv-10029 (ADB), 2019 U.S. Dist. LEXIS 29462 (D. Mass. Feb. 25, 2019) ................................................................................................................ 5

*Conway v. Electro Switch Corp.*, 825 F.2d 593 (1st Cir. 1987) ..................................................... 6

*Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F.3d 331 (1st Cir. 1997) ............................... 8

*De Hui Mu v. Han Dynasty Nyu Corp.*, No. 17-cv-07065 (AT), 2018 U.S. Dist. LEXIS 181110 (S.D.N.Y. Oct. 17, 2018) ................................................................................................ 10

*Doty v. Sewall*, 908 F.2d 1053 (1st Cir. 1990) ............................................................................... 4

*Foley v. City of Lowell, Mass.*, 947 F.2d 10 (1st Cir. 1991) .......................................................... 7

*Fontaine v. Ebtec Corp.*, 415 Mass. 309 (1993) ............................................................................ 9

*Gay Officers Action League v. Commonwealth of Puerto Rico*, 247 F.3d 288 (1st Cir. 2001) .... 11

*George v. Nat'l Water Main Cleaning Co.*, 477 Mass. 371 (2017) ........................................... 7, 8

*Haddad v. Wal-Mart Stores, Inc. (No. 2)*, 455 Mass. 1024 (2010) .............................................. 10

*Hutchinson v. Patrick*, 636 F.3d 1 (1st Cir. 2011) ......................................................................... 9

*Joyce v. Town of Dennis*, 720 F.3d 12 (1st Cir. 2013) ................................................................... 9

*Lambirth v. Advanced Auto, Inc.*, 140 F. Supp. 3d 108 (D. Mass. Oct. 15, 2015) ......................... 5

*Li v. Foolun, Inc.*, 273 F. Supp. 3d 289 (D. Mass. 2017) ............................................................ 11

*Marquez v Erenler, Inc.*, No. 12-cv-08580 (GHW), 2014 U.S. Dist. LEXIS 159128 (S.D.N.Y. Nov. 10, 2014) ................................................................................................................... 12

*Marshall v. Perez-Arzuaga*, 866 F.2d 521 (1st Cir. 1989) ............................................................ 7

*Mogilevski v. Bally Total Fitness Corp.*, 311 F. Supp. 2d 212 (D. Mass. 2004) ........................... 8

*Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611 (S.D.N.Y. 2012) .............................. 12

*Norkunas v. Brossi Bros Ltd*, No. 10-cv-11949, 2012 U.S. Dist. LEXIS 30474 (D. Mass. Mar. 7, 2012) .................................................................................................................. 11

*Pastor v. ABC Metro Cleaners, Inc.*, No. 18-cv-06089 (AT), 2018 U.S. Dist. LEXIS 210589 (S.D.N.Y. Dec. 12, 2018) .................................................................................. 10

*Roman v. Maietta Constr., Inc.*, 147 F.3d 71 (1st Cir. 1998) ....................................... 4

*Rosales v. Gerasimos Enters.*, No. 16-cv-02278 (RA), 2018 U.S. Dist. LEXIS 1230 (S.D.N.Y. Jan. 3, 2018) .................................................................................................................. 10

*Rosnov v. Molloy*, 460 Mass. 474 (2011) .................................................................. 6

*Rudy v. City of Lowell*, 883 F. Supp. 2d 324 (D. Mass. 2012) ...................................... 10

*Stratos v. Dep't of Pub. Welfare*, 387 Mass. 312 (1982) ............................................... 10

*Tennessee Gas Pipeline Co. v. 104 Acres of Land*, 32 F.3d 632 (1st Cir. 1994) ............. 9

*Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121 (1st Cir. 2009) ............................ 4, 6, 7, 8

**Statutes**

29 U.S.C. § 206(a)(1)(A) ............................................................................................ 2

29 U.S.C. § 207(a)(1) .................................................................................................. 2

29 U.S.C. § 216(b) ...................................................................................................... 2

29 U.S.C. § 255(a) ...................................................................................................... 4

Mass. Gen. L. ch. 149 § 148 ....................................................................................... 2

Mass. Gen. L. ch. 149 § 150 .............................................................................. 3, 4, 11

Mass. Gen. L. ch. 151 § 1 ........................................................................................... 2

Mass. Gen. L. ch. 151 § 1A ........................................................................................ 2

Mass. Gen. L. ch. 151 § 1B ........................................................................................ 3

Mass. Gen. L. ch. 151 § 20 ......................................................................................... 3

Mass. Gen. L. ch. 151 § 20A ...................................................................................... 4

Mass. Gen. L. ch. 231 §, 6B......................................................................................................... 7

# PRELIMINARY STATEMENT

Plaintiff, by and through his attorneys, presents the following memorandum of law in support of his Motion for an Award of Damages, Treble Damages, Prejudgment Interest, Attorneys' Fees, and Costs.

# STATEMENT OF FACTS

The following facts relevant to the computation of Plaintiff's damages were found by the Jury in response to special interrogatories posed to it by the Court, were stipulated to by the Parties, or are otherwise clear from the record or exhibits attached to this Motion. Plaintiff sought a private right of action from the Massachusetts Attorney General on July 9, 2016, and received a private right of action on August 8, 2016. *See* Exhibit 1, at *2; Dkt. No. 1-2. Plaintiff commenced this action by filing the Complaint on September 27, 2016. *See* Dkt. No. 1. During the applicable limitations periods, Plaintiff was paid at a rate of $14.00 per hour. *See* Dkt. No. 171 ¶ 8. On those weeks that he worked during the applicable limitations periods, Plaintiff worked 46 hours. *See* Dkt. No. 171-1, columns D (straight-time hours worked), F (overtime hours worked). On those weeks he worked during the applicable limitations periods, Plaintiff was paid for fewer than 46 hours, and indeed for fewer than 40 hours. *See id.*, columns C (hours paid), E (straight-time hours worked minus hours paid). The precise number of hours for which Plaintiff was paid varied from week to week. *See id.*

# ARGUMENT

## I. DAMAGES

### a. PLAINTIFF IS ENTITLED TO DAMAGES UNDER THE MASSACHUSETTS WAGE AND HOUR LAW

Plaintiff in this case pursued claims for unpaid minimum wages and unpaid overtime premiums under the Fair Labor Standards Act, and unpaid minimum wages, wages in excess of

1

the minimum wage paid untimely, and unpaid overtime premiums under the Massachusetts Wage and Hour Law, along with prejudgment interest under Massachusetts law. The Fair Labor Standards Act and the Massachusetts Wage and Hour Law are similar, but differ in important respects relevant to the computation of damages.

The Fair Labor Standards Act provides in relevant part that "[e]very employer shall pay to each of his employees… wages at the following rate[]: (1)(C) $7.25 an hour," and "no employer shall employ any of his employees… for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. §§ 206(a)(1)(A), 207(a)(1). Similarly, the Massachusetts Wage and Hour Law provides in relevant part that "[a] wage of less than [$8.00 per hour effective January 1, 2008; $9.00 per hour effective January 1, 2015]… shall conclusively be presumed to be oppressive and unreasonable, wherever the term 'minimum wage' is used in this chapter," and that "no employer in the commonwealth shall employ any of his employees… for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one half times the regular rate at which he is employed." Mass. Gen. L. ch. 151 §§ 1, 1A. However, the Massachusetts Wage and Hour Law further provides that "[e]very person having employees in his serve shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period." Mass. Gen. L. ch. 149 § 148.

Under the Fair Labor Standards Act, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Similarly, under

the Massachusetts Wage and Hour Law, "if a person is paid by an employer less than such overtime rate of compensation, the person may institute and prosecute in his own name and on his own behalf… a civil action for… any damages incurred, and for the full amount of the overtime rate of compensation less any amount actually paid to him by the employer… [a]n employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for lost overtime compensation and shall also be awarded the costs of the litigation and reasonable attorneys' fees," and "[i]f a person is paid by an employer less than the minimum fair wage to which the person is entitled under or by virtue of a minimum fair wage regulation… the person may institute and prosecute in his own name and on his own behalf… a civil action… for any damages incurred and for the full amount of the minimum wages less any amount actually paid to him by the employer… [a]n employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any loss of minimum wage and shall also be awarded the costs of the litigation and reasonable attorneys' fees." Mass. Gen. L. ch. 151 §§ 1B, 20. However, additionally, "An employee claiming to be aggrieved by a violation of section[]… 148 [of chapter 149] may… institute and prosecute in his own name and on his own behalf… a civil action for… any damages incurred, and for any lost wages and other benefits. An employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys' fees." Mass. Gen. L. ch. 149 § 150.

Finally, under the Fair Labor Standards Act, "[a]ny action… to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages… may be commenced within two years after the cause of action accrued… except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action

accrued." 29 U.S.C. § 255(a). However, under the Massachusetts Wage and Hour Law, "[t]he provisions of [chapter 151] shall not be applicable to any cause of action accruing more than 3 years prior to the date of filing in court of a criminal or civil action; provided, however, that the limitation period shall be tolled from the date that the employee… files a complaint with the attorney general alleging a violation of this chapter until the date that the attorney general issues a letter authorizing a private right of action," and "the 3 year limitation period shall be tolled from the date that the employee or a similarly situated employee files a complaint with the attorney general alleging a violation of [section 148 of chapter 149] until the date that the attorney general issues a letter authorizing a private right of action." Mass. Gen. L. ch. 151 § 20A; Mass. Gen. L. ch. 149 § 150.

Plaintiff may not seek cumulative damages under the Fair Labor Standards Act and the Massachusetts Wage and Hour Law for the same wrong. *See Roman v. Maietta Constr., Inc.*, 147 F.3d 71, 74 (1st Cir. 1998). However, Plaintiff may choose to be awarded damages under the more generous statute. *See Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 146 (1st Cir. 2009) ("When federal and state claims overlap, the plaintiff may choose to be awarded damages based on state law if that law offers a more generous outcome than federal law") (citing *Doty v. Sewall*, 908 F.2d 1053, 1063 (1st Cir. 1990)). It is clear at a glance that the Massachusetts Wage and Hour Law, with 1) its automatic three-year limitations period and tolling period as opposed to the Fair Labor Standards Act's two-year limitations period extensible to three-year limitations period, 2) its uniformly higher minimum wage, 3) its cause of action allowing a plaintiff to seek untimely paid wages that does not appear in the Fair Labor Standards Act, and 4) its grant of treble damages to the Fair Labor Standards Act's double damages, without making available to Defendant a good-faith defense, is more generous than the Fair Labor Standards Act. *See also* Exhibit 3 (computation

of damages). District courts in cases such as this, where the plaintiff seeks damages under both federal and state wage-and-hour law, consistently award damages under the more generous state law. *See Carroca v. All Star Enters.*, No. 12-cv-11202 (DJC), 2013 U.S. LEXIS 96913, at *12 (D. Mass. July 10, 2013) (where the overtime award under the Fair Labor Standards Act and the Massachusetts Wage and Hour Law was identical, "the Court award[ed] the greater of the liquidated damages provisions."). Nor does an award of damages under the Fair Labor Standards Act preclude or pre-empt an award of treble damages under the Massachusetts Wage and Hour Law. *See Lambirth v. Advanced Auto, Inc.*, 140 F. Supp. 3d 108, 111 (D. Mass. Oct. 15, 2015) (awarding treble damages under the Massachusetts Wage and Hour Law on an overtime award under the Fair Labor Standards Act); *Chavira v. OS Rest. Servs., LLC*, No. 18-cv-10029 (ADB), 2019 U.S. Dist. LEXIS 29462, at *9 (D. Mass. Feb. 25, 2019) (same).

Therefore, Plaintiff should be awarded damages under the Massachusetts Wage and Hour Law.

**b.    COMPENSATORY DAMAGES**

To reiterate, Plaintiff is seeking unpaid minimum wages, wages in excess of the minimum wage paid untimely, and unpaid overtime premiums under the Massachusetts Wage and Hour Law (collectively the "compensatory damages"), along with prejudgment interest under Massachusetts law. Plaintiff calculates his compensatory damages as follows. Defendants' counsel at the conference held March 25, 2020, and by email to Plaintiff's counsel on March 19, 2020 indicated that he did not object to this method of calculation and result. *See* Exhibit 4.

**1.    Unpaid Minimum Wages**

For each period under consideration, subtract the number of hours for which Plaintiff was paid per week from 40. Multiply that number by the applicable Massachusetts minimum wage.

5

Multiply further by the number of weeks per period (typically, but not always, this is 1). Add the minimum wage shortfall over all periods together, to arrive at $23,479.00.

### 2. Untimely Paid Wages

For each period under consideration, subtract the number of hours Plaintiff was paid per week from 40. Multiply that number by Plaintiff's wage of $14.00 per hour. From that number, subtract the unpaid minimum wages for that week, so as to avoid counting it twice. Multiply that number by the number of weeks per period. Add the untimely paid wages over all periods together, to arrive at $15,336.00.

### 3. Unpaid Overtime Premiums

For each week, subtract 40 from the number of hours Plaintiff worked. Multiply that number by Plaintiff's wage of $14.00 per hour, multiply further by 3, and divide by 2. Multiply that number by the number of weeks per period. Add the unpaid overtime premiums over all periods together, to arrive at $12,402.00.

In total, the compensatory damages amount to $51,217.00.

### c. TREBLE DAMAGES

Treble damages are non-discretionary under the Massachusetts Wage and Hour Law. *See Carroca*, 2013 U.S. Dist. LEXIS 96913, at *13 ("This treble liquidated damages award is mandatory.") (citing *Rosnov v. Molloy*, 460 Mass. 474, 479 (2011)). Trebling $51,217.00 (or what amounts to the same thing, doubling $51,217.00 and adding the $51,217.00 calculated as compensatory damages) yields a total award of $153,651.00.

### d. PREJUDGMENT INTEREST

"Prejudgment interest is a substantive remedy governed by state law when state-law claims are brought in federal court." *Tobin*, 553 F.3d at 146 (citing *Conway v. Electro Switch Corp.*, 825 F.2d 593, 602 (1st Cir. 1987); *Blockel v. J. C. Penney Co.*, 337 F.3d 17, 29 (1st Cir. 2003)).

"Prejudgment interest in Massachusetts 'ordinarily applies to that period from the date of commencement [of suit] to the date on which judgment is entered." *Id.* (citing *Foley v. City of Lowell, Mass.*, 947 F.2d 10, 17 (1st Cir. 1991); Mass. Gen. L. ch. 231 §, 6B ("In any action in which a verdict is rendered or a finding made or an order for judgment made for pecuniary damages for personal injuries to the plaintiff or for consequential damages, or for damages to property, there shall be added by the clerk of court to the amount of damages interest thereon at the rate of twelve per cent per annum from the date of commencement of the action …")). The date of the "final judgment establishes the proper end date for the accrual of prejudgment interest." *Id.* (citing *Foley*, 947 F.2d at 17). This case was commenced on September 27, 2016, and judgment on the verdict in this case has not yet been entered. Accordingly, the period for prejudgment interest should run from September 27, 2016 through the date of entry of judgment on the verdict. *See Marshall v. Perez-Arzuaga*, 866 F.2d 521, 524 (1st Cir. 1989) (holding that equity supports "accruing post-judgment interest from entry of a judgment on a verdict.").

Prejudgment interest in Massachusetts is calculated in a rate of twelve per cent per annum. *See* Mass. Gen. L. ch. 231 §, 6B. Prejudgment interest is available on all compensatory damages awarded under the Massachusetts Wage and Hour Law even though liquidated damages shall be awarded under that same law. *See George v. Nat'l Water Main Cleaning Co.*, 477 Mass. 371, 378 (2017) (noting that "the payment of prejudgment interest in a Massachusetts court is governed by statute" and contrasting the intent of the Massachusetts legislature in enacting its liquidated damages statute in light of a preexisting Massachusetts statute mandating an award of prejudgment interest in all cases awarding compensatory damages with Congressional intent of subsuming prejudgment interest into the FLSA's liquidated damages award). Again, "a successful plaintiff's right to a particular remedy under federal law does not trump his right to a more advantageous

7

remedy under state law[, and w]hen federal and state claims overlap, the plaintiff may choose to be awarded damages based on state law if that law offers a more generous outcome than federal law." *Tobin*, 553 F.3d at 146. Accordingly, "under Massachusetts law, statutory prejudgment interest pursuant to G. L. c. 231, § 6H shall be added by the clerk of court to the amount of lost wages and other benefits awarded as damages pursuant to G. L. c. 149, § 150, but shall not be added to the additional amount of the award arising from the trebling of those damages as liquidated damages." *George*, 477 Mass. at 372. In this case, Plaintiff's lost wages include unpaid minimum wages, untimely paid wages, and unpaid overtime premiums, in the amounts laid out above, in total $51,217.00.

Therefore, Plaintiff's prejudgment interest should be calculated by multiplying $51,217.00 by the number of days between September 27, 2016 and the date of the entry of judgment, inclusive, dividing by 7 days per week, further dividing by 52 weeks per year, and multiplying by 12%. As of this writing on April 20, 2020 (1,302 days after September 27, 2016), such a calculation would yield an amount of prejudgment interest of $21,983.91 (for a grand total of $175,634.91), though the ultimate amount of prejudgment interest will be slightly greater due to more time having passed from the commencement of the action by the time final judgment is entered.

## II.     ATTORNEYS' FEES AND COSTS

Both the Fair Labor Standards Act and the Massachusetts Wage and Hour Law allow a prevailing employee to recover attorneys' fees and costs. *See Carpaneda v. Domino's Pizza, Inc.*, 89 F. Supp. 3d 219, 224 (D. Mass. 2015); *Mogilevski v. Bally Total Fitness Corp.*, 311 F. Supp. 2d 212, 216 (D. Mass. 2004). "[A] plaintiff who prevails on congruent federal and state claims and qualifies for fee-shifting under two or more statutes may recover fees under whichever fee-shifting regiment [he] chooses." *Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F.3d 331, 342 (1st Cir. 1997). Here, Plaintiffs have chosen to recover fees under the Massachusetts Wage and Hour Law.

8

However, in any event, Massachusetts courts and the First Circuit use similar approaches in evaluating the reasonableness of applications for attorneys' fees. *See Joyce v. Town of Dennis*, 720 F.3d 12, 26 (1st Cir. 2013). Specifically, both the First Circuit and Massachusetts courts generally follow the so-called "lodestar" method for evaluating applications for attorney's fees. *See Tennessee Gas Pipeline Co. v. 104 Acres of Land*, 32 F.3d 632, 634 (1st Cir. 1994); *c.f. Fontaine v. Ebtec Corp.*, 415 Mass. 309, 325 (1993).

"In general, the lodestar is the product of the number of hours appropriately worked times a reasonable hourly rate or rates. The party seeking the award has the burden of producing materials that support the request. These materials should include counsel's contemporaneous time and billing records, suitably detailed, and information about the law firm's standard billing rates. The putative payor may submit countervailing evidence. The court, usually after hearing arguments, will then calculate the time counsel spent on the case, subtract duplicative, unproductive, or excessive hours, and apply prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." *Hutchinson v. Patrick*, 636 F.3d 1, 13 (1st Cir. 2011) (internal citations and quotation marks omitted).

"What constitutes a reasonable fee is a question that is committed to the sound discretion of the judge." *Berman v. Linnane*, 434 Mass. 301, 302–03 (2001). Massachusetts courts consider a number of factors, including "the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases." *Id.* at 303. No single factor is determinative, however, and a factor-by-factor analysis is not necessary. *See id.*

    a.    **REASONABLE HOURLY RATES**

A first step in calculating the lodestar amount involves determining the reasonable hourly rate. "A determination of a reasonable hourly rate begins with the 'average rates in the *attorney's* community for similar work done by attorneys of the same years' experience.'" *Haddad v. Wal-Mart Stores, Inc. (No. 2)*, 455 Mass. 1024, 1025–26 (2010) (quoting *Stratos v. Dep't of Pub. Welfare*, 387 Mass. 312, 323 (1982)) (emphasis added). John Troy in his Declaration in support of this Motion has presented at great length the exceptional qualifications and experiences of the individual attorneys in this matter, and that will not be recapitulated here.

The prevailing market rates for attorneys in the New York metro area, such is Troy Law, PLLC, is found in several recent decisions that review other court filings. *See*, *e.g.*, *De Hui Mu v. Han Dynasty Nyu Corp.*, No. 17-cv-07065 (AT), 2018 U.S. Dist. LEXIS 181110, at *6 (S.D.N.Y. Oct. 17, 2018) (finding associate with five years of experience's hourly rate of $325.00 reasonable in evaluating fairness of a settlement); *Pastor v. ABC Metro Cleaners, Inc.*, No. 18-cv-06089 (AT), 2018 U.S. Dist. LEXIS 210589, at *5–6 (S.D.N.Y. Dec. 12, 2018) (finding fee of $450.00 reasonable for partner and $400.00 at senior associate reasonable in evaluating fairness of settlement). As for paralegal work, in recent FLSA actions, hourly rates between $100.00 and $150.00 for paralegal work have been found to be reasonable." *Rosales v. Gerasimos Enters.*, No. 16-cv-02278 (RA), 2018 U.S. Dist. LEXIS 1230, at *5 (S.D.N.Y. Jan. 3, 2018).

Attorneys in Boston with levels of experience comparable to the attorneys of Pontikes Law, LLC have been awarded between $325.00 per hour and $650.00 per hour. *See Rudy v. City of Lowell*, 883 F. Supp. 2d 324, 327 (D. Mass. 2012); *see also Haddad*, 455 Mass. at 1026 (awarding $350.00 per hour to an attorney with 25 years' experience, $325.00 per hour to an attorney with 17 years' experience, and $300.00 per hour to an attorney with 13 years' litigation experience).

    **b.**      **REASONABLE HOURS EXPENDED**

"In fashioning fee awards, the attorney's contemporaneous billing records constitute the usual starting point." *Gay Officers Action League v. Commonwealth of Puerto Rico*, 247 F.3d 288, 295–96 (1st Cir. 2001). The First Circuit does not require courts to set forth an hour-by-hour analysis of a fee request. *See Norkunas v. Brossi Bros Ltd*, No. 10-cv-11949, 2012 U.S. Dist. LEXIS 30474, at *12 (D. Mass. Mar. 7, 2012). Nevertheless, a district court should not make "a substantial reduction in fees requested" without offering "reasonably explicit findings and has a burden to spell out the whys and wherefores." *Id.*

Plaintiff has submitted detailed and extensive time records from each of his attorneys in this case. The hours expended in this case are somewhat higher than would ordinarily be expended in a wage-and-hour case, because of the unique circumstances of this case. The need for out-of-District counsel to confer with each other and with local counsel about unfamiliar points of law and practice led to more time being spent in conference than might be ordinary. *See Li v. Foolun, Inc.*, 273 F. Supp. 3d 289, 295 (D. Mass. 2017) (Finding excessive conferencing "although some conferencing is a necessary element of litigation"). Further, Plaintiff was incarcerated in Franklin County, distant from both sets of attorneys, for most of the life of this case, from 2016 through 2018, making communication with him difficult, costly, and time-consuming. Finally, issues other than the relatively straightforward-presenting wage and hour issues dominated the litigation in this matter, and included issues of potential criminal liability of the Plaintiff. All of the above complicated the litigation of this case and led to increased costs.

### c. COMPENSABLE COSTS

In addition to reasonable attorneys' fees, a prevailing plaintiff may recover the "costs of litigation." Mass. Gen. L. ch. 149 § 150. Plaintiff seeks $9,564.91 in costs for court fees, process servers, copying, postage, deposition transcripts, interpreter fees, and travel expenses. These costs are all reasonable and courts have allowed them in similar cases. *See*, *e.g.*, *Marquez v Erenler, Inc.*,

No. 12-cv-08580 (GHW), 2014 U.S. Dist. LEXIS 159128, at *9–10 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server, deposition and interpreter expenses); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011); *Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08-cv-03725 (DC), 2010 U.S. Dist. LEXIS 109373, at *24 (S.D.N.Y. Sep. 30, 2010) (awarding filing fee and expenses for transcription services and interpreter). The costs expended in this action by Plaintiff's counsel is set forth in detail in the exhibits attached to the declaration of John Troy.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court award damages, liquidated damages, prejudgment interest, attorneys' fees, and costs in the amounts sought.

Dated: Flushing, NY
April 20, 2020

> Respectfully submitted,
> TROY LAW, PLLC
>
> */s/ Aaron B. Schweitzer*
> Aaron B. Schweitzer
> 41-25 Kissena Boulevard
> Suite 103
> Flushing, NY 11355
> Tel: (718) 762-1324
> troylaw@troypllc.com
> *Attorneys for Plaintiffs*