**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
-------------------------------------------------------------------x
JAMPA GONPO,

                              Plaintiff,     Case No. 16-cv-40138 (MGM)

        v.

SONAM'S STONEWALLS & ART, LLC, and
SONAM RINCHEN LAMA,

                              Defendants.
-------------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DEFENDANTS-APPELLANTS TO POST BOND AS SECURITY FOR APPEAL COSTS AND <u>ATTORNEYS' FEES</u>**


<div style="margin-left: 40%;">

John Troy
Aaron B. Schweitzer
TROY LAW, PLLC
41-25 Kissena Boulevard
Suite 103
Flushing, NY 11355
Phone (718) 762-1324
troylaw@troypllc.com
*Attorneys for Plaintiff-Appellee*

Rebecca G. Pontikes
PONTIKES LAW, LLC
10 Tremont Street
2nd Floor
Boston, MA 02108
Phone (617) 357-1888
rpontikes@pontikeslawllc.com
*Attorneys for Plaintiff-Appellee*

</div>

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................ ii

**PRELIMINARY STATEMENT** ......................................................................................... 1

**STATEMENT OF FACTS** .................................................................................................. 1

**ARGUMENT** ........................................................................................................................ 4

    I.    **APPROPRIATENESS OF A BOND** ................................................................... 4

        A.   Applicable Legal Standard ............................................................................... 4

        B.   Appellants Should Be Compelled to Post a Cost Bond Because Appellants' Arguments Lack Merit and Appellants' Appeals Are Unlikely to Succeed ............................................................................................................. 5

    II.   **THE AMOUNT OF THE BOND** ......................................................................... 6

        A.   Applicable Legal Standard ............................................................................... 6

        B.   Gonpo's Estimated Attorney Fees Are Reasonable ......................................... 7

        C.   Gonpo's Estimated Costs Are Reasonable ....................................................... 8

**CONCLUSION** ................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Barnes v. Fleetboston Fin. Corp.*, No. 01-cv-10395 (NG), 2006 U.S. Dist. LEXIS 71072 (D. Mass. Aug. 22, 2006) .................................................................................................... 5, 6

*Capizzi v. States Res. Corp.*, No. 02-cv-12319 (DPW), 2005 U.S. Dist. LEXIS 7338 (D. Mass. Apr. 26, 2005) ............................................................................................................ 4

*Chinatown Takeout Inc. v. Li*, 19-02628 (2d Cir.) ........................................................................ 7

*Conetta v. Nat'l Hair Care Ctrs.*, 236 F.3d 67 (1st Cir. 2001) .................................................. 3, 5

*Doe v. Gonpo*, No. 2078CV0000 (Franklin Cty. Sup. Ct. Feb. 28, 2020) ..................................... 4

*Doty v. Sewall*, 908 F.2d 1053 (1st Cir. 1990) .............................................................................. 3

*Hill v. State St. Corp.*, No. 09-cv-12146 (GAO), 2015 U.S. Dist. LEXIS 50161 (D. Mass. Apr. 16, 2015) ................................................................................................................. 5, 6, 7

*In re Gen. Elec. Co. Secs. Litig.*, 998 F. Supp. 2d 145 (S.D.N.Y. 2014) ........................................ 7

*In re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d 274 (D. Mass. 2007) ........ 5

*In re Pharm. Indus. Average Wholesale Price Litig.*, No. 01-cv-12257 (PBS), 2012 U.S. Dist. LEXIS 901 (D. Mass. Jan. 4, 2012) ................................................................................ 4

*Int'l Floor Crafts, Inc. v. Dziemit*, 420 Fed. Appx. 6 (1st Cir. 2011) ............................................ 6

*Johnson v. King-Richardson Co.* 36 F.2d 675 (1st Cir. 1930) ....................................................... 1

*Pan Am v. Barnes*, No. 04-cv-10515 (JLT), 2005 U.S. Dist. LEXIS 53723 (D. Mass. Oct. 19, 2005) ................................................................................................................................. 1

*Sckolnick v. Harlow*, 820 F.2d 13 (1st Cir. 1987) ................................................................ 4, 5, 6

*Shervin v. Partners Healthcare Sys.*, 804 F.3d 23 (1st Cir. 2015) ............................................ 2, 5

*Sonam's Stonewalls & Art LLC v. Gonpo*, No. 21-1352, Doc. No. 00117736830 (1st Cir. May 4, 2021) ............................................................................................................................... 3

*Tobin v. Liberty Mutual Ins. Co.*, 553 F.3d 121 (1st Cir. 2009) ................................................ 3, 5

*United States v. Santos*, 131 F.3d 16 (1st Cir. 1997) .................................................................... 5

*Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, No. 17-cv-00273 (LAP), Dkt. No. 125 (S.D.N.Y. May 21, 2021) ................................................................................................. 8

*Zhang v. New Beijing Wok, Inc.*, No. 17-cv-09465 (VEC), Dkt. No. 88 (S.D.N.Y. Mar. 3, 2020) 3

**Statutes**

29 U.S.C. § 201 *et seq.* ................................................................................................................. 2

29 U.S.C. § 216(b) ........................................................................................................................ 7

Mass. Gen. L. ch. 149 § 148 ......................................................................................................... 2

Mass. Gen. L. ch. 149 § 150 ......................................................................................................... 7

Mass. Gen. L. ch. 151 § 1 ............................................................................................................. 2

Mass. Gen. L. ch. 151 § 1A .......................................................................................................... 2

**Rules**

1st Cir. Misc. Fee Sched. (12) (https://www.ca1.uscourts.gov/sites/ca1/files/rulebook.pdf) ....... 10

1st Cir. Misc. Fee Sched. (13) (https://www.ca1.uscourts.gov/sites/ca1/files/rulebook.pdf) ......... 9

1st Cir. R. 30.0(a) .......................................................................................................................... 9

1st Cir. R. 31.0(b) .......................................................................................................................... 9

1st Cir. R. 39.0(a) .......................................................................................................................... 8

1st Cir. R. 39.0(b) .......................................................................................................................... 9

Fed. R. App. P. 38 ......................................................................................................................... 6

Fed. R. App. P. 39(c) ................................................................................................................. 7, 8

Fed. R. App. P. 39(e) .................................................................................................................... 7

Fed. R. App. P. 7 ........................................................................................................................... 4

Fed. R. Civ. P. 62 .......................................................................................................................... 4

Fed. R. Evid. 403 .......................................................................................................................... 2

Max. Rate for Taxation of Costs
  (https://www.ca1.uscourts.gov/sites/ca1/files/MaxRatesForTaxnCosts.pdf) ............................ 9

**PRELIMINARY STATEMENT**

Plaintiff-Appellee, Jampa Gonpo ("Gonpo" or "Plaintiff" or "Appellee"), respectfully submits this Memorandum of Law in support of his motion to compel Defendant-Appellants Sonam's Stonewalls & Art, LLC and Sonam Rinchen Lama (the "Defendants" or "Appellants") to post a bond as a security for costs and attorneys' fees associated with their appeal pursuant to Rule 7 of the Federal Rules of Appellate Procedure. For the reasons set forth below, Gonpo respectfully requests a bond in the amount of $17,325.70.

**STATEMENT OF FACTS**

On November 27, 2019, the Court ruled, or reserved ruling for trial, on several motions in limine made by Defendants. *See* Dkt. No. 142. Among the motions ruled on were Motion in Limine No. 3 "to permit evidence of motive and bias based on rape allegations against Plaintiff." *Id.* The Court found that the allegations appeared "to be irrelevant to the claims that Defendant failed to pay Plaintiff regular and overtime wages" even though "[i]t [wa]s possible that the allegations motivated Plaintiff to bring this lawsuit" and "Defense counsel argue[d] evidence of such motive would show Plaintiff's wage claims are fabricated." The Court further found that "[t]he merits of the Plaintiff's case can be decided without referring to the allegations made against him," especially since "'the rule generally prevailing is that, where a suitor is entitled to relief in respect to the matter concerning which he sues, his motives [for bringing suit] are immaterial.'" *Id.* (quoting *Johnson v. King-Richardson Co.* 36 F.2d 675, 677 (1st Cir. 1930)); *see also*, *e.g.*, *Pan Am v. Barnes*, No. 04-cv-10515 (JLT), 2005 U.S. Dist. LEXIS 53723, at *9 (D. Mass. Oct. 19, 2005) ("Even if the court were persuaded by Barnes'[s] unsubstantiated assertion that vengeance played a role in Pan Am's decision to sue him, an improper motive in bringing a suit is irrelevant if Pan Am also had a legitimate reason to file suit against Barnes."). Against that, the Court balanced its finding that "[t]he rape allegations pose[d] a danger of being extremely prejudicial,"

1

indeed "incendiary." Dkt. No. 142. In light of these findings, the Court denied Motion in Limine No. 3. *See id.*; *see also* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of… unfair prejudice."); *Shervin v. Partners Healthcare Sys.*, 804 F.3d 23, 43–44 (1st Cir. 2015) ("When, as in this instance, highly charged evidence is of doubtful probative value, it may be excluded. The case for exclusion is stronger, of course, where, as here, the evidence has a high potential for unfair prejudice.") (internal punctuation and citations omitted).

This matter was tried before a jury on December 16, 18, 19, 20, and 23, 2019.[1] *See* Dkt. Nos. 165, 167. The jury deliberated on December 23 and 31, 2019, and January 3, 2020, and delivered its verdict by way of answers to special interrogatories on January 3, 2020. *See* Dkt. Nos. 167, 168, 169, 170, 170-1. Based on the jury's answers to special interrogatories, and supplementary briefing by the parties' respective counsel as to Plaintiff's damages and Plaintiffs' attorney's fees and costs, the Court awarded Plaintiff $181,426.37 in damages (including damages for wage losses to Plaintiff (itself including unpaid minimum wages, unpaid regular wages, and unpaid overtime wages), prejudgment interest on Plaintiff's wage losses, and treble damages as liquidated damages), $97,954.74 in attorney fees, and $8,285.94 in costs. *See* Dkt. No. 198, at *14. Plaintiff sought damages for unpaid regular wages, prejudgment interest, and treble damages under Massachusetts state law. Defendants "dispute[d] the addition of prejudgment interest and treble damages." *Id.* at *2. However, "Defendants arguments depend[ed] on applying federal law," specifically the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201 *et seq*. Plaintiff had sued under the FLSA and Massachusetts wage and hour law. *See* Mass. Gen. L. ch. 149 § 148; ch. 151 §§ 1, 1A. The Court held that the FLSA did not preempt state law and that "[s]ince Plaintiff's state-

---

[1] The Court was closed on December 17, 2019 due to a blizzard the previous night.

law claims are not preempted, Plaintiff may elect the more advantageous remedy under state law." *Id.* at *2, 4 (citing *Tobin v. Liberty Mutual Ins. Co.*, 553 F.3d 121, 146 (1st Cir. 2009); *Conetta v. Nat'l Hair Care Ctrs.*, 236 F.3d 67, 77–78 (1st Cir. 2001); *Doty v. Sewall*, 908 F.2d 1053, 1063 (1st Cir. 1990)).

The Court awarded Plaintiff's attorney fees based on a lodestar analysis, adopting for Troy Law's attorneys and employees the hourly rates awarded in *Zhang v. New Beijing Wok, Inc.*, No. 17-cv-09465 (VEC), Dkt. No. 88 (S.D.N.Y. Mar. 3, 2020) and for Pontikes Law's attorneys $400.00 and $195.00 respectively. *See* Dkt. No. 198, at *6–7. The Court reduced Plaintiff's counsel's hourly rates for travel to one-half their usual hourly rates, and did not otherwise reduce Plaintiff's counsel's hourly rates. *See id.* at *8. The Court reduced Plaintiff's counsel's hours billed by 7.08 hours of paralegal time updating Plaintiff's file of docket entries, 2 hours of time for setting up WeChat and other modes of communication, 2.08 hours for filing pro hac vice motions and ECF registrations, 60.71 hours on a motion for conditional collective certification that persuaded the court but did not lead to any opt-ins, but did not otherwise reduce Plaintiff's counsel's hours billed. *See id.* at *10–12. The Court awarded Troy Law's expenses of $8,285.94, and declined to award Pontikes Law's expenses. *See id.* at *13.

This appeal followed from the Court's denial of Defendant's Motion in Limine No. 3 and its award of Plaintiff's damages and Plaintiff's attorney fees and costs. *See* Dkt. No. 200.[2] Defendants-Appellants have made no payments to satisfy the Judgement. Defendants have obtained an order for preliminary injunction "[r]estraining and enjoining… Sonam Rinchen Lama and Sonam's Stonewalls & Art, LLC, from disbursing any funds to Defendant, Jampa Gonpo[]

---

[2] Defendants also purport that their appeal follows "from the evidentiary ruling of the [C]ourt concerning the [P]laintiff's receipt of public health insurance," but do not cite to any docket entry, any portion of the trial transcript, or any other part of the record of this case for this assertion. *See* Dkt. No. 200; *see also Sonam's Stonewalls & Art LLC v. Gonpo*, No. 21-1352, Doc. No. 00117736830 (1st Cir. May 4, 2021) (likewise).

a/k/a Jampa Golam pending further of this court." *Doe v. Gonpo*, No. 2078CV0000 (Franklin Cty. Sup. Ct. Feb. 28, 2020). However, the state court's order for preliminary injunction did not enjoin or even address on its face Defendants' disbursements of Gonpo's counsel fees or costs to his counsel in this case, which are the property of his counsel and would thus be disbursed to counsel, not to Gonpo. *See* Retainer Agreement, at *1 ("It is specifically understood that all attorney fees awarded by the court or accrued by Attorneys are and shall remain the property of attorney."). Further, the preliminary injunction did not preclude deposit of the judgment amount in escrow with Defendants' attorney or with the Court, or the posting of a supersedeas bond. *See* Fed. R. Civ. P. 62. To date, Defendants have not posted supersedeas bond and requested a stay of collection activity on the basis of having posted a supersedeas bond; nor, upon information and belief, have Defendants deposited the judgment amount or any portion thereof in escrow either with their counsel or with the Court.

## ARGUMENT

### I. APPROPRIATENESS OF A BOND

#### a. APPLICABLE LEGAL STANDARD

Rule 7 of the Federal Rules of Appellate Procedure empowers a District Court to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. "The core purpose of the bond requirement of Rule 7 is to ensure payment of costs on appeal in a civil case." *Capizzi v. States Res. Corp.*, No. 02-cv-12319 (DPW), 2005 U.S. Dist. LEXIS 7338, at *3 (D. Mass. Apr. 26, 2005) (internal punctuation omitted; citation omitted in original). "Whether an appeal bond should be imposed and at what amount 'is a matter best left to the sound discretion of the district court.'" *In re Pharm. Indus. Average Wholesale Price Litig.*, No. 01-cv-12257 (PBS), 2012 U.S. Dist. LEXIS 901, at *46 (D. Mass. Jan. 4, 2012) (quoting *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987)).

4

"A district court may require that an appellant post a bond where an 'appeal might be frivolous.'" *Hill v. State St. Corp.*, No. 09-cv-12146 (GAO), 2015 U.S. Dist. LEXIS 50161, at *12 (D. Mass. Apr. 16, 2015) (citing *Sckolnick*, 820 F.2d at 15; *accord In re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d 274, 248 (D. Mass. 2007) (finding that bond is appropriate where an appellant's "one-sentence written objection was inadequate to preserve her objection on appeal."); *Barnes v. Fleetboston Fin. Corp.*, No. 01-cv-10395 (NG), 2006 U.S. Dist. LEXIS 71072, at *5 (D. Mass. Aug. 22, 2006) (finding that bond was appropriate when appellants' arguments had no basis in case law or statute).

### b. APPELLANTS SHOULD BE COMPELLED TO POST A COST BOND BECAUSE APPELLANTS' ARGUMENTS LACK MERIT AND APPELLANTS' APPEALS ARE UNLIKELY TO SUCCEED

It is unlikely that Defendants will succeed on their appeal of the Court's ruling on Motion in Limine No. 3. "Trial court judgments such as this one, weighing the extent of relevance and then balancing relevance against prejudice, are reviewed for abuse of discretion." *United States v. Santos*, 131 F.3d 16, 19 (1st Cir. 1997). "Only rarely—and in extraordinarily compelling circumstances—will [the appeals court], from the vista of a cold appellate record, reverse a district court's on-the-spot judgment concerning the relative weighing of probative value and unfair effect." *Shervin*, 804 F.3d at 44 (punctuation and internal citations omitted).

Defendants' argument that the FLSA preempts election of remedies under state wage and hour law, which this Court considered carefully and rejected, is squarely contrary to well-settled First Circuit precedent. *See Tobin*, 553 F.3d at 146; *Conetta*, 236 F.3d at 77–78; *Doty*, 908 F.2d at 1063. Defendants cannot present a nonfrivolous argument for reversing that precedent or establishing new law in the Circuit. *See Hill*, 2015 U.S. Dist. LEXIS 50161, at *9 (appeal bond imposed where appellants raised frivolous arguments to the district court, and where the district court expected appellants to raise those same arguments on appeal).

5

Defendants have a history in this and related cases of engaging in bad faith delaying tactics to hinder or frustrate the Court's reaching a judgment in this matter and the Plaintiff's attempts to collect judgment. Upon learning of the Plaintiff's intent to prosecute this case, the Defendants first bogged him down in a criminal case that delayed the progress of this case and was ultimately unsuccessful, and upon receiving the jury's verdict in this matter, while the Court considered the parties' briefs on damages and attorney fees and costs, caused a civil case on the same facts to be instituted and obtained the aforementioned preliminary injunction on damages disbursement. This continued bad-faith litigiousness has not only delayed the reaching and collection of judgment— it has consumed Defendants' assets in legal fees and costs. A showing of bad faith or intent to vexatiously delay by bringing a frivolous appeal is not necessary, but courts have found such showings persuasive. *See*, *e.g.*, *Barnes*, 2006 U.S. Dist. LEXIS 71072, at *4 ("Under these circumstances, [Rule 7 of the Federal Rules of Appellate Procedure] makes perfect sense: by requiring [Appellants] to post a bond that would cover the costs of losing the appeal, the burden of litigating frivolous appeals shifts to them instead of to the [Appellee].").

## II.     THE AMOUNT OF THE BOND

### a.   APPLICABLE LEGAL STANDARD

"If a court of appeals determines that an appeal is frivolous, it may… award just damages and single or double costs to the appellee." Fed. R. App. P. 38. "[T]he First Circuit has permitted including attorneys' fees [in an appeal bond] where an appeal may be frivolous." *Hill*, 2015 U.S. Dist. LEXIS 50161, at *12 (citing *Sckolnick*, 820 F.2d at 15); *see also Int'l Floor Crafts, Inc. v. Dziemit*, 420 Fed. Appx. 6, 12 (1st Cir. 2011) ("[A]n appeal bond may include appellate attorneys' fees if the applicable statute underlying the litigation contains a fee-shifting provision that accounts for such fees in its definition of recoverable costs and the appellee is eligible to recover them."). Both the Fair Labor Standards Act and Massachusetts Wage and Hour Law contain such a fee-

shifting provision. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); Mass. Gen. L. ch. 149 § 150 ("An employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys' fees.").

Additionally, the appeal bond should include costs enumerated under Rule 39 of the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 39(e) ("The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule: (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a bond or other security to preserve rights pending appeal; and (4) the fee for filing the notice of appeal."); *see also* Fed. R. App. P. 39(c) ("Each court of appeals must, by local rule, fix the maximum rate for taxing the costs of producing necessary copies of a brief or appendix, or copies of records authorized by Rule 30(f).).

"Ability to pay is a factor where appeal bond is at issue," but it is not Appellee's burden to establish Appellant's financial situation. *Hill*, 2015 U.S. Dist. LEXIS 50161, at *13 (citing *In re Gen. Elec. Co. Secs. Litig.*, 998 F. Supp. 2d 145, 153 (S.D.N.Y. 2014) (imposing bond where appellant had "provided no evidence suggesting that he would be financially unable to post $54,700 for an appeal bond.")).

### b. GONPO'S ESTIMATED ATTORNEY FEES ARE REASONABLE

Gonpo estimates incurring approximately $16,660.00 in attorneys' fees during his defense of Appellants' appeal. This amount is calculated as a lodestar of the expected time spent on appeal and a reasonable hourly rate. The amount of time estimated is reasonable based on prior appellate litigation. In *Chinatown Takeout Inc. v. Li*, 19-02628 (2d Cir.), a wage-and-hour case where

7

defendant employers appealed from a judgment for plaintiff employees, Attorney John Troy billed approximately 4.20 hours and attorney Aaron Schweitzer billed approximately 41.00 hours. *See* Schweitzer Decl. ¶ 24.

Attorney Troy was previously awarded $400.00 per hour and Attorney Schweitzer was previously awarded $225.00 per hour in this case by this Court. *See* Dkt. No. 198, at *6. These rates are presumptively reasonable, having already been subjected to the Court's reasonableness analysis. *See id.* However, following another, more recent, jury trial in the United States District Court for the Southern District of New York, in a decision that followed this Court's fee award by about two months, Judge Loretta A. Preska awarded Attorney Troy $550.00 per hour and Attorney Schweitzer $350.00 per hour. *See Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, No. 17-cv-00273 (LAP), Dkt. No. 125, at *3 (S.D.N.Y. May 21, 2021) (noting that "In a 2020 decision, Judge [John G.] Koeltl [of the United States District Court for the Southern District of New York] awarded the following hourly rates: (1) $550 for Mr. Troy; [and] (2) $350 for Mr. Schweitzer," and "adopt[ing] the rates awarded by Judge Koeltl."). Given the comparative complexity of appellate litigation, and given that this Court previously adopted a fee award stemming from a trial in the Southern District of New York for Attorneys Troy and Schweitzer (*see* Dkt. Non. 198, at *6), the higher hourly rates are not unreasonable.

4.20 hours times $550.00 per hour is $2,310.00. 41 hours times $350.00 per hour is $14,350. $2,310.00 plus $14,350.00 is $16,660.00.

    c. **GONPO'S ESTIMATED COSTS ARE REASONABLE**

Gonpo requests that Appellants' bond include $665.70 for expenses. An estimate of itemized expenses Gonpo expects to incur to prepare and file his brief follows:

"The maximum rate at which costs may be taxed shall be fixed from time to time by the clerk of the court of appeals." 1st Cir. R. 39.0(a) (citing Fed. R. App. P. 39(c)). "The clerk will tax

8

reproduction rates at the following rates or at the actual cost, whichever is lower[:] Reproduction per page, per copy[,] $0.10[;] Binding, per brief or appendix[,] $3.50[; and] Front and back covers, two per brief or appendix[,] $0.20[.]" Max. Rate for Taxation of Costs (https://www.ca1.uscourts.gov/sites/ca1/files/MaxRatesForTaxnCosts.pdf). "Costs may be recovered for reproducing the following number of copies, unless the court directs the filing of a different number: (1) Briefs. Nine copies of each brief plus two for the filer and two for each party required to be served with paper copies of the brief. *See* 1st Cir. R. 31.0(b) (2) Appendices. Five copies of each appendix plus one for the filer and one for each unrepresented party and each separately represented party. *See* 1st Cir. R. 30.0(a)." 1st Cir. R. 39.0(b). "A principal brief may not exceed 30 pages." Fed. R. App. P. 32(a)(7).

30 brief pages times $0.10 per brief page times 13 brief copies is $39.00. $3.50 per brief bindings times 13 briefs is $45.50. $0.20 per brief cover times 2 brief covers per brief times 13 brief covers is $5.20. $39.00 plus $45.50 plus $5.20 is $89.70 for preparation of the brief in opposition.

Additionally, in order to defend Gonpo's appeal, Attorneys Troy and Schweitzer each obtained, for the first time, admission to practice in the First Circuit Court of Appeals. The First Circuit charges $188 "[f]or original admission of an attorney to practice, including a certification of admission." 1st Cir. Misc. Fee Sched. (13) (https://www.ca1.uscourts.gov/sites/ca1/files/rulebook.pdf).

Additionally, oral argument in this matter may take place remotely either due to Appellee's attorneys being in New York or due to the COVID-19 pandemic. "For counsel's requested use of the court's videoconferencing equipment in connection with each oral argument, the court may

9

charge and collect a fee of $200 per remote location." 1st Cir. Misc. Fee Sched. (12) (https://www.ca1.uscourts.gov/sites/ca1/files/rulebook.pdf)

$89.70 plus $188.00 plus $188.00 plus $200.00 is $665.70.

## **CONCLUSION**

For the reasons set forth above, Appellants should be ordered to post a bond in the amount of $17,325.70 during the pendency of the appeal.

Dated: Flushing, NY
       June 3, 2021

TROY LAW, PLLC

*/s/ Aaron B. Schweitzer*
Aaron B. Schweitzer
41-25 Kissena Boulevard
Suite 103
Flushing, NY 11355
Phone (718) 762-1324
troylaw@troypllc.com
*Attorneys for Plaintiff-Appellee*